WARREN WHOLESALE CO., INC.; Glidewell Distributing Co., Inc.; Ritchie Grocer Co., Inc.; Northwest Tobacco & Candy Co.; Douglas Companies, Inc.; Merritt Wholesale Distributor, Inc.; and Warehouse Distributing Co., Inc. *v.* McLANE COMPANY, INC.; and McLane Southern, Inc.

07-1034                                             286 S.W.3d 709

Supreme Court of Arkansas
Opinion delivered September 11, 2008

*Lax, Vaughan, Fortson, McKenzie & Rowe, P.A.*, by: *Grant E. Fortson*, for appellants.

*Williams & Anderson PLC*, by: *Peter G. Kumpe* and *Stephen A. Hester*, for appellees.

DONALD L. CORBIN, Justice. Appellants, Warren Wholesale Co., Inc., Glidewell Distributing Co., Inc., Ritchie Grocer Co., Inc., Northwest Tobacco & Candy Co., Douglas Companies, Inc., Merritt Wholesale Distributor, Inc., and Warehouse Distributing Co., Inc., appeal the June 11, 2007 order of the Pulaski County Circuit Court declaring ultra vires and unconstitutional certain portions of a cost and minimum price rule promulgated by the Arkansas Tobacco Control Board (the Board) as section 15 of the Rules and Regulations of the Board. Together with this appeal, we also consider the motion of Appellees, McLane Company, Inc. d/b/a McLane Southwest and McLane Southern, Inc., to take judicial notice and to dismiss appeal. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(b)(6) as an appeal presenting a substantial question of law concerning the construction of an act of the General Assembly and a regulation of an administrative agency. We dismiss the appeal.

This case began in Benton County when Appellees, who are out-of-state companies licensed to sell wholesale cigarettes in Arkansas, filed a complaint against the Board and its director for declaratory judgment pursuant to the Arkansas Administrative

Procedure Act, specifically Arkansas Code Annotated section 25-15-207 (Repl. 2002), to determine the validity of section 15. Appellees also sought an injunction to prevent the Board and its director from enforcing any provision of section 15 or any cost standard that prescribes methods to determine cost that are different or contrary to the standards and methods of accounting referred to at Arkansas Code Annotated section 4-75-702(5)(A) (Supp. 2007) in the Unfair Cigarette Sales Act. The case was transferred to Pulaski County, and Appellants, who are Arkansas companies licensed to sell wholesale cigarettes in Arkansas, were allowed to intervene.

The circuit court held a two-day bench trial in October 2006 and entered an order on June 11, 2007, declaring certain portions of section 15 ultra vires of the Unfair Cigarette Sales Act and in violation of due process. Appellants filed this appeal from that order, although the Board did not.

While this appeal was pending, the Board did, however, initiate the rulemaking process to consider alternatives to the challenged section 15. The Board ultimately promulgated a completely new version of section 15 in May 2008 while this appeal was still pending and repealed the version of section 15 that was challenged in this declaratory-judgment action below. Appellees filed a motion asking this court to take judicial notice of the new section 15 and dismiss Appellants' appeal as moot.

This court has historically and consistently taken judicial notice of rules and regulations promulgated by administrative agencies. *Ark. Alcoholic Beverage Control Bd. v. Muncrief*, 308 Ark. 373, 825 S.W.2d 816 (1992); *Webb v. Bishop*, 242 Ark. 320, 413 S.W.2d 862 (1967); *State v. Martin*, 134 Ark. 420, 204 S.W.2d 622 (1918). The Board filed with the Secretary of State a new section 15, which became effective May 22, 2008. The new section 15 replaces in its entirety the section 15 at issue in this case.

In support of their argument to dismiss this appeal as moot, Appellees rely on *Weiss v. Chavers*, 357 Ark. 607, 184 S.W.3d 437 (2004), and *Morgan v. Sparks*, 258 Ark. 273, 523 S.W.2d 926 (1975), for the proposition that this court will not pass on the validity of laws and regulations that were repealed during the pendency of the litigation challenging those same laws and regulations. This court relied on *Morgan* and stated in *Chavers* that when a statute is constitutionally challenged on appeal and the General Assembly repeals that statute while the appeal is pending,

the appeal is rendered moot. This court has also held that a negotiated settlement agreement reached during the pendency of an appeal renders the appeal moot. *City of Pine Bluff v. Jones*, 370 Ark. 173, 258 S.W.3d 361 (2007). The principles of mootness involved in these cases concerning statutes and settlement agreements are likewise applicable to an agency regulation that is repealed while the appeal challenging the regulation is pending. We therefore conclude that when the Board repealed the version of section 15 that was the subject of the challenge below, the appeal of the trial court's ruling on that same section 15 was rendered moot.

As a general rule, appellate courts of this state will not review issues that are moot. *Honeycutt v. Foster*, 371 Ark. 545, 268 S.W.3d 875 (2007) (citing *Ball v. Phillips County Election Comm'n*, 364 Ark. 574, 222 S.W.3d 205 (2006)). To do so would be to render advisory opinions, which this court will not do. *Id*. A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*. This court has recognized two exceptions to the mootness doctrine. *Id*. The first exception involves issues that are capable of repetition, but that evade review. *Id*. The second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id*.

█ Appellants respond that this case is not moot because the language that is the crux of this litigation is found in the statute, the Unfair Cigarette Sales Act, not in the regulation that was repealed. Appellants contend that the central issue presented here is the meaning of the phrase "standards and methods of accounting" as found in section 4-75-702(5)(A). Appellants also contend that the circuit court's interpretation of this phrase essentially stripped the Board of its authority to determine the level of "proof satisfactory to the Board" mandated by section 4-75-702(5)(B). While there was indeed evidence presented below concerning methods of accounting and discussion concerning proof to the Board, the fact remains that this suit is a facial challenge to an agency regulation, and the challenged regulation no longer exists. Thus, despite Appellants' arguments to the contrary, any construing of statutes that is required in this case has to be done in the context of the challenged regulation. Since the challenged regulation no longer exists, we are void of a context in which to construe the statute, and the appeal is moot.

■ Alternatively, Appellants contend that this appeal presents issues of substantial public interest that are likely to arise in future litigation. Appellants rely on *Gray v. Mitchell*, which states that " '[w]here considerations of public interest or prevention of future litigation are present,' this court may, at its discretion, 'elect to settle an issue, even though moot.' " 373 Ark. 560, 572, 285 S.W.3d 222, 233 (2008) (quoting *Owens v. Taylor*, 299 Ark. 373, 374, 772 S.W.2d 596, 597 (1989)). Appellants refer to the history of litigation between the parties to this appeal as an indication that there will be future litigation on this subject.

The new section 15 altered the procedures, requirements, and standards applicable when a wholesaler seeks Board approval to sell cigarettes below the statutorily presumed minimum price. The changes are such that, even if we were inclined to view this case as presenting a discretionary exception to the mootness doctrine, we would only be speculating as to the positions the parties would take and the ruling the trial court would make. This court does not engage in speculation, and does not render advisory opinions. *Honeycutt*, 371 Ark. 545, 268 S.W.3d 875. Assuming for the sake of argument that we could somehow overcome the speculation hurdle, we are not convinced that we could "settle the issue" and actually achieve the objective of preventing future litigation. As Appellants have observed, these parties have been litigating issues relating to a wholesaler's cost for over ten years.[1]

In summary, the agency regulation being challenged below was repealed while this appeal was pending. Appellees initiated this case with a complaint seeking both a declaration that section 15 was invalid and an injunction restraining the Board's enforcement of section 15. The section 15 being challenged in this case is no longer in effect. There is therefore no longer a controversy between the parties, and this appeal is moot. We therefore grant Appellees' motion to dismiss the appeal.

■ We are mindful of Appellants' claim that other issues raised in this appeal are not rendered moot by the repeal and replacement of section 15. Appellants refer specifically to the following two directives in the circuit court's order, which they

---

[1] *McLane S., Inc. v. Davis*, 366 Ark. 164, 233 S.W.3d 674 (2006); *McLane Co. v. Davis*, 353 Ark. 539, 110 S.W.3d 251 (2003); *McLane Co. v. Davis*, 342 Ark. 655, 33 S.W.3d 473 (2000); *McLane Co. v. Weiss*, 332 Ark. 284, 965 S.W.2d 109 (1998); *McLane S., Inc. v. Davis*, 80 Ark. App. 30, 90 S.W.3d 16 (2002).

claim went beyond Appellees' facial challenge to the regulation and exceeded the circuit court's jurisdiction:

> The Board and the Director also are enjoined from enforcing or applying any "cost" standard against McLane that is higher than its cost of cigarettes and of doing business as determined from evidence of the standards and methods of accounting it regularly employs, which is the standard provided by Ark. Code Ann. § 4-75-702(5)(A).

> ... McLane is entitled to a determination of its actual cost of doing business as evidenced by the standards and methods of accounting that it regularly employs.

Appellants give the above-quoted directives an overly broad reading. The trial court was simply ordering the Board to use only the cost standard found in the statute and not those found in the now-repealed section 15. We read the foregoing directives as implicitly requiring that Appellees follow the requisite statutory and regulatory procedures for obtaining such a determination found in the then-existing regulation 15. Therefore, Appellants' arguments concerning exhaustion of remedies and separation of powers are tied to the repealed regulation and are therefore likewise rendered moot by the repeal of the challenged regulation.

Appellees' motion to dismiss the appeal is granted. The case is remanded for entry of a decree stating that the grounds upon which the trial court relied for entering the declaratory judgment and injunction have become moot by the repeal of the challenged section 15. *See Morgan*, 258 Ark. 273, 523 S.W.2d 926.

Appeal dismissed.

GLAZE, J., not participating.