2012 Ark. 88

**CITY OF CLINTON, Appellant**

v.

**SOUTHERN PARAMEDIC SERVICES, INC., Gary Padget, et al., Appellees.**

No. 11–870.

Supreme Court of Arkansas.

March 1, 2012.

Michael Allen Mosley, North Little Rock, for appellant.

Ed Daniel, IV and Kevin A. Crass, Little Rock, for appellee.

ROBERT L. BROWN, Justice.

This case began as a criminal action filed in Van Buren County District Court by the appellant, City of Clinton (the City), against the appellee, Southern Paramedic Services, Inc. (Southern Paramedic), alleging that Southern Paramedic violated two of the City ordinances, 2005–22 and 2005–23, which prohibited an entity from engaging in the ambulance business within the City without first obtaining a franchise

from the City Council. Ordinances 2005–22 and 2005–23, were passed on October 25, 2005. The ordinances further prohibited any entity from offering or providing an "intra city ambulance service of any kind" or providing "any intercity ambulance service of any kind that originated within the city limits of Clinton ₂without having first obtained a franchise." [1] The City reserved the right to grant an exclusive franchise to any business that provided ambulance service for operation within the city of Clinton.

The dispute in this appeal centers on the proper interpretation of a specific phrase in Arkansas's Municipal Ambulance Licensing Act, codified at Arkansas Code Annotated sections 14–266–101 to –110. Under the Act, cities like Clinton are authorized to franchise ambulance services whether municipally owned or otherwise. Ark.Code Ann. § 14–266–105(a)(2) (Repl. 1998). Cities like Clinton are further permitted to "regulate all intracity patient transports, all intercity patient transports, and all intracounty patient transports originating from within the regulating city." Ark.Code Ann. § 14–266–105(a)(5) (Repl. 1998). There is, however, a limitation to such cities. They "shall not restrict or allow local regulation of *not-for-hire on a fee-for-service basis* transportation, any intercounty patient transports, or intercity patient transports to or from medical facilities within the regulating city originating from anywhere outside the regulating city." Ark.Code Ann. § 14–266–105(a)(5) (Repl.1998) (emphasis added). Thus, if an ambulance service provider is "not-for-hire on a fee-for-service basis," it is exempt from regulation under the Act. The crux of

this appeal is whether Southern Paramedic qualifies for the exemption as such a provider under subsection 105(a)(5).

₃In 2005, the City granted an exclusive franchise to Vital Link, an ambulance provider, under ordinances 2005–22 and 2005–23. Notwithstanding this grant, Southern Paramedic undisputedly responded to calls originating within the City from Van Buren Hospital (Hospital) and transported patients from the Hospital to locations outside of Van Buren County. The City filed a criminal action against Southern Paramedic in district court, asserting that it had violated the City ordinances. Under ordinance 2005–22, each transport was a separate violation with a possible punishment of not less than $100 and not more than $500 per transport.

Southern Paramedic answered that, under Arkansas Code Annotated section 14–266–102, the City was not authorized to regulate by exclusive franchise any intercounty patient transports, even if they originated within the City. The district court found that the statute was ambiguous, and it issued a *nolle prosequi* order on November 2, 2007, finding that it would be "far more appropriate for the issue of construction of the relevant statute, Ark.Code Ann. section 14–266–105(a)(5), to be determined in a Civil Court forum."

On December 7, 2007, the City filed a declaratory-judgment action in the Van Buren County Circuit Court against Southern Paramedic and others seeking an interpretation of section 14–266–105. An amended complaint for declaratory judgment was filed in circuit court on January 4, 2008. A counterclaim was subsequently

---

**1.** Clinton City Ordinance Numbers 2009–05 and 2009–06 were adopted on March 24, 2009, to amend ordinances 2005–22 and 2005–23. Under both the 2005 and 2009 ordinances, Vital Link was granted an exclusive franchise to operate the sole EMS/ambu-lance service and provide emergency and medically necessary medical services within the city limits of the City of Clinton. Both the 2005 and the 2009 ordinances have since been repealed.

filed by Southern Paramedic against the City. All of the defendants other than Southern Paramedic were later dismissed by the circuit court.

On April 16, 2009, the circuit court entered a judgment order finding that the only remaining defendant was Southern Paramedic. The court also found that it was undisputed that the Hospital is owned solely by Van Buren County and lies within the City. Unlike the district court, the circuit court found that section 14–266–105 was not ambiguous. The circuit court found that if a call originated within the City for transportation within the City or to another city or unincorporated area within Van Buren County, the City could exclusively franchise the provision of ambulance services. If the call originated outside of the City, it could not regulate the ambulance service absent an agreement with the other city or county, even if the call was for pick-up or drop-off at the Hospital located in the City. The court added that the City was not permitted to regulate the following ambulatory transports via exclusive franchises: (1) Not-for-hire on a fee-for-service basis transportation; (2) Any patient transports between counties; and (3) Any patient transports between cities to or from medical facilities within the City that originate outside the City.

On June 18, 2009, Southern Paramedic filed a "Petition for Further Relief and for Order to Show Cause." In this petition, Southern Paramedic asserted four grounds for relief: (1) That it could not be restricted or locally regulated, via city ordinances, because it is a provider of "not-for-hire on a fee-for-service basis" transportation under Arkansas Code Annotated section 14–266–105(a)(5); (2) Tortious interference; (3) Inverse condemnation; and (4) Constitutional challenges to the City ordinances 2009–05 and 2009–06, as lacking any legitimate governmental purpose. Southern Paramedic also moved for temporary injunctive relief, requesting that the circuit court temporarily enjoin the City from forcing Southern Paramedic to vacate its business location and remove all of its operations from within the City.

The City responded and denied that Southern Paramedic operated on a "not for hire on a fee for service" basis. The City also asserted that Southern Paramedic's petition failed to state facts upon which relief could be granted, as well as other defenses. The City requested that the circuit court order Southern Paramedic to comply with City ordinances and not accept any ambulance transport where the transport originates in the City.

Southern Paramedic then moved to dismiss all counts raised in its "Petition for Further Relief" with the exception of Count 1, which sought interpretation of the term "not-for-hire on a fee-for-service basis" contained in section 14–266–105(a)(5). Later, the City also moved the court to interpret the same term and agreed to the dismissal of all other claims. On August 27, 2009, the circuit court entered an order granting Southern Paramedic's motion and dismissed, without prejudice, the remaining claims.[2]

2. This order was filed on August 31, 2009. We recognize that where there is a voluntary nonsuit and the circuit court's order and dismissal are without prejudice, a Rule 54(b) finality issue might arise. *See, e.g., Haile v. Ark. Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995) (holding that a plaintiff may not take a voluntary nonsuit as to some of its claims and then appeal from the circuit court's order disposing of the plaintiff's other claims because a voluntary nonsuit without prejudice leaves the plaintiff free to refile the claim under certain circumstances). Under the facts of this case, we find that there is no finality problem.

On July 21, 2011, the circuit court entered an order interpreting the term "not-for-hire on a fee-for-service basis" in section 14–266–105(a). In that order, the court specifically found: "The City of Clinton no longer has a franchise agreement, however, both sides stipulate to and wish for this Court to interpret the statute in order to provide the City of Clinton and other related entities direction regarding how to proceed in the future." In addition, the circuit court found that "[w]hile the issue may be currently moot, both sides stipulate it is capable of repetition yet evading review. The sides stipulate the City of Clinton would like to enter into an exclusive franchise in the future."

Regarding the phrase "not-for-hire on a fee-for-service basis," the circuit court found that the plain meaning of the term was "the ambulance service is not available for hire by the general public where payment would be per transport." Based on undisputed facts, the circuit court found that "if the City of Clinton once again entered into a franchise agreement with an ambulance service other than [Southern Paramedic], [Southern Paramedic] would be exempt from transports from the Hospital to the patient's home or another medical facility. This is provided [Southern Paramedic] remains 'not for hire' to the general public within the City of Clinton." The City now appeals from that decision.

■ The first issue that this court must resolve is whether the appealed question is moot. To reiterate, the circuit court found that the City no longer had a franchise agreement for ambulance service but both sides stipulated to and wanted the Court to interpret section 14–266–105(a) to provide the City and other related entities future direction. In reaching its conclusion, the circuit court said:

Therefore, *with the agreement of both parties* the Court finds as follows:

If the City of Clinton enters into an exclusive franchise with an ambulance service other than [Southern Paramedic] under the Act, [Southern Paramedic] would be exempt for ambulance transport assignments derived from the Hospital for transports to patients' homes or another medical facility. [Southern Paramedic] could not accept fee for service patient initiated transports within the City of Clinton.

(Emphasis added.) The circuit court also found that the issue was "capable of repetition yet evading review" because the City might enter into a franchise agreement with an entity other than Southern Paramedic in the future.

■ As a general rule, the appellate courts of this state will not review issues that are moot. *Terry v. White*, 374 Ark. 387, 391, 288 S.W.3d 199, 202 (2008). To do so would be to render advisory opinions, which this court will not do. *Id.* We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* In other words, a moot case presents no justiciable issue for determination by the court. *Id.*

It is clear that city ordinances 2005–22 and 2005–23, and the subsequent amendments to those ordinances in 2009, were an integral part of the City's declaratory-judgment action because they provided for the exclusive franchise agreements. The circuit court's April 16, 2009 judgment order, interpreting section 14–266–105, for example, stated that the City's declaratory-judgment action arose from the City's decision to enter into an exclusive franchise for the provision of ambulatory services. The circuit court also found that the City had passed the ordinances, which included criminal sanctions for violations, and proceeded to award an exclusive franchise to Vital Link.

In its subsequent "Petition for Further Relief," Southern Paramedic asked for a decision on its specific status and requested that the circuit court amend its April 16, 2009 judgment order and declare that "transporting patients by ambulance service that is not available for hire and receives a fee for such service as determined exclusively by Medicare is exempt from local regulation or restriction pursuant to Ark. C. Ann. § 14–266–105(a)(5) as 'not-for-hire on a fee-for-service basis transportation' and is therefore exempted from regulation by Clinton ordinance." In addition, Southern Paramedic requested that the circuit court amend the order to declare "that Clinton Ordinance Numbers 2009–05 and 2009–06, as adopted, are unconstitutional, and permanently enjoining their enforcement." Unquestionably, the 2005 and 2009 ordinances were an essential part of the City's original declaratory-judgment action and Southern Paramedic's petition for further relief. However, at the time the circuit court entered its July 21, 2011 order, the ordinances had all been repealed.

This court has recognized two exceptions to the mootness doctrine, one of which involves issues that are capable of repetition, yet also of evading review. *Terry*, 374 Ark. at 393, 288 S.W.3d at 203 (citing *Honeycutt v. Foster*, 371 Ark. 545, 268 S.W.3d 875 (2007)). The other mootness exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Terry*, 374 Ark. at 393, 288 S.W.3d at 203.

Because the specific ordinances at issue have been repealed, the issue of whether Southern Paramedic is subject to those ordinances is moot, unless one of the two exceptions applies. The circuit court found that the issue raised was capable of repetition yet of evading review. We note,

though, that the circuit court's own findings belie that determination. For one thing, the circuit court based its finding on the fact that the City *might* enter into a franchise agreement with an entity other than Southern Paramedic *in the future.* It is clear from this language that there was no justiciable issue between the parties because the determination would only apply if (1) the City entered into a franchise agreement again, (2) the franchise agreement was not with Southern Paramedic, and (3) either of the parties would pursue legal action in the future. In order for the issue to be repeated, the City would have to adopt new ordinances and grant an exclusive franchise to a provider other than Southern Paramedic. There is no way to forecast the content of such future ordinances or when, if ever, they would be adopted. Furthermore, the issue of whether Southern Paramedic is "not-for-hire on a fee-for-service basis" and not subject to the City's regulation is moot because the ordinances under which the City sought to regulate Southern Paramedic have been repealed.

There is a second exception to the mootness doctrine. When a case involves a significant public interest, or a decision might avert future litigation, this court has, with some regularity, refused to permit mootness to become the determinant. *See, e.g., Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997) (finding that the ability of public employees to withhold their services involves a question of significant public interest, the resolution of which would certainly preclude future litigation); *Richie v. Bd. of Educ. of Lead Hill Sch. Dist.*, 326 Ark. 587, 933 S.W.2d 375 (1996) (declining to dismiss for mootness an appeal by a student to the school board of a suspension despite the fact that the student had already served the suspension because the

issue was one of public importance and one subject to repetition); *Campbell v. State*, 300 Ark. 570, 781 S.W.2d 14 (1989) (interpreting art. 5, § 9 of the Arkansas Constitution to mean that a public official becomes subject to removal when convicted by a plea of guilty or a verdict of guilty in circuit court of a crime defined by the article, even though the official's term had expired before this court heard the appeal).

On the surface, the issue of when a municipality can grant an exclusive franchise to an ambulance service provider appears to fall into the category of one involving significant statewide public interest. The Arkansas Ambulance Association, as amicus curiae, for example, asserts that the potential impact of a decision regarding Municipal Ambulance Franchise Agreements is statewide and goes far beyond the dispute between Southern Paramedic and the City. However, in each of the cases cited above, the underlying policy, statute, or constitutional provision was intact at the time the appeal was heard by this court. Thus, they are distinguishable from the City ordinances granting an exclusive franchise for ambulance service, which were repealed before the circuit court entered its order in 2011 and the present appeal was ever lodged.

We are convinced that any opinion handed down by this court based on repealed ordinances and a nonexisting franchise procedure would simply be an advisory opinion. *See Allison v. Lee County Election Comm'n*, 359 Ark. 388, 198 S.W.3d 113 (2004). Although the parties stipulated that the issue could be repeated, the fact remains that the ordinances have been repealed and this court will not issue an advisory opinion in what amounts to a friendly lawsuit. *MacSteel Div. of Quanex v. Ark. Oklahoma Gas Corp.*, 363 Ark. 22, 36, 210 S.W.3d 878, 886–87 (2005) (holding

that an action for declaratory judgment may not be maintained where there is no controversy between persons whose interests are adverse). The stipulation of the parties that the statute should be interpreted in order to provide guidance to future parties cannot usurp the proper administration of justice. *See Beulah v. State*, 352 Ark. 472, 101 S.W.3d 802 (2003).

There is one other point that we must consider and that is the viability of the circuit court's July 21, 2011 order. By the circuit court's own admission, this dispute between the City and Southern Paramedic was moot at the time of the court's order due to the repeal of the ordinances and absence of a franchise agreement. As the circuit court made clear, the parties wanted a decision even though the matter was admittedly moot. The court added at that time that it and the parties believed the issue of the status of an ambulance company could arise again and yet evade review because of new ordinances. As already noted in this opinion, we disagree and consider that scenario highly speculative. Again, we view this matter after the repeal of the ordinances as one that is moot, that does not fall under either of the two exceptions, and that will lead to an advisory opinion from this court.

But the issue was also moot when the circuit court decided it in 2011, which raises the question of the effectiveness of the circuit court's order. In *Warren Wholesale Co., Inc. v. McLane Co., Inc.*, the issue was the validity of section 15 of the Rules and Regulations of the Arkansas Tobacco Control Board. *Warren*, 374 Ark. 171, 172, 286 S.W.3d 709, 709 (2008). The appellants filed a declaratory-judgment action, and the case was ultimately transferred to the Pulaski County Circuit Court. *Id.* at 173, 286 S.W.3d at 709. Being unsatisfied with the decision of the circuit court, the appellants lodged an ap-

peal with this court. While the appeal was pending, the Board promulgated a completely new version of section 15 and repealed the version of section 15 that was challenged by the declaratory-judgment action. This court held that the appeal was moot because the agency regulation being challenged was no longer in effect and, therefore, there was no longer a justiciable issue between the parties. *Id.* at 175, 286 S.W.3d at 712. This court dismissed the appeal as moot but remanded the case for entry of a decree stating that the grounds "upon which the trial court relied for entering the declaratory judgment and injunction have become moot by the repeal of the challenged section." *Warren,* 374 Ark. at 176, 286 S.W.3d at 712.

In *Warren,* the issue became moot after entry of the circuit court order. In the instant case, the case was moot when the circuit court heard it in 2011. Nevertheless, the *Warren* case with respect to the circuit court's authority in the case before us is analogous. We hold that this case is moot not only for purposes of the appeal today but was moot at the time the circuit court entered its July 21, 2011 order. We dismiss the appeal because of mootness and remand with directions for entry of an order by the circuit court stating that the grounds upon which it relied for entering the July 21, 2011 declaratory-judgment order were moot at that time due to the repeal of the City ordinances. Accordingly, the circuit court's order was advisory and of no effect.

Appeal dismissed as moot; remanded with directions.