RHONDA K. WOOD, Judge
This is an appeal from the Rogers Board of Education's decision upholding a half-day suspension of a five-year-old child who repeatedly used the "F-word." The father filed a writ of mandamus and writ of prohibition in circuit court. The circuit court granted the Board's motion to dismiss, and the father appeals that decision. We affirm.
Northside Elementary School's principal suspended J.S. for a half-day after J.S. cussed on the playground. The school had previously warned J.S. on two occasions to not use profanity. On this third occasion, the school principal called J.S.'s father and told him to come pick up J.S. because he was suspended for the remainder of the school day. J.S.'s father, Ken Swindle, an attorney, refused. Instead, that same afternoon, he filed a complaint in circuit court for a writ of mandamus and writ of prohibition. Since the father did not pick up J.S., J.S. served his half-day suspension in the principal's office. The Rogers School Board later held a hearing and upheld the suspension.
After the hearing, Swindle amended his complaint and asked the circuit court to order the Board to delete any reference of the suspension from J.S.'s file and prohibit the Board "from suspending five-year-old children without adult intervention." The Board filed a motion to dismiss, and the court granted the motion. Swindle appealed.
First, the Board contends that Swindle's appeal is moot because J.S. has already served his suspension. Generally, appellate courts do not review moot issues; a case becomes moot when any judgment rendered would have no practical legal effect on a then-existing legal controversy. Warren Wholesale Co., v. McLane Co. , 374 Ark. 171, 286 S.W.3d 709 (2008). However, there are two exceptions to the mootness doctrine: (1) issues that are capable of repetition, but that evade review, and (2) issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. Id. Our supreme court has held that "we view the right of a student to appeal to the school board a suspension from school made by a teacher as an issue of public importance and one subject to repetition." Richie v. Bd. of Educ. of Lead Hill Sch. Dist. , 326 Ark. 587, 590, 933 S.W.2d 375, 377 (1996). By extension, the right to appeal the school board's decision to circuit court is also subject to repetition but evading review. Accordingly, this issue falls under an exception to the mootness doctrine, and we can reach the merits of Swindle's appeal.
A court's review of school discipline issues is very limited. E.g. , Wynne Pub. Schs. v. Lockhart , 72 Ark. App. 24, 32 S.W.3d 47 (2000). Courts have no power to interfere with school boards when directing *214 a school's operation unless the boards clearly abuse their discretion. Springdale Bd. of Educ. v. Bowman by Luker , 294 Ark. 66, 740 S.W.2d 909 (1987). Further, a court does not have the power to substitute its judgment for that of a school board and will only do so if the board's judgment was arbitrary, capricious, or contrary to law. Id. The burden is on those charging such an abuse to prove it by clear and convincing evidence. Id.
In dismissing Swindle's complaint, the circuit court considered the student discipline policy and portions of the hearing in front of the Rogers School Board. Therefore, the Board's motion to dismiss is converted into one for summary judgment because the circuit court considered matters outside of the pleadings. Robbins v. Johnson , 367 Ark. 506, 241 S.W.3d 747 (2006). Summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Hamilton v. Allen , 100 Ark. App. 240, 267 S.W.3d 627 (2007).
In this case, there were no disputed material facts. Swindle has not presented any evidence that J.S. did not use profane language, and the actions of the school and school board are not contradicted. Therefore, summary judgment was appropriate.
We next turn to whether the circuit court was correct in ruling that the Board did not abuse its discretion or act arbitrarily. When J.S. used the "F-word," the school used a scale from less-to-more severe consequences. The first time, he was warned by his teacher that the word was inappropriate. The second time, a letter was sent home to be signed by his parents. The third time, the principal suspended him for the rest of the day. Clearly, J.S. refused to modify his language, and more severe consequences for his repeated cussing and insubordination were appropriate.
When fashioning the suitable consequence, the school adhered to its school discipline policy. This action is consistent with the Arkansas Code, which allows school boards to "suspend or expel any student from school for violation of the school district's written discipline policies." Ark. Code Ann. § 6-18-507(b) (Supp. 2011). According to the policy, suspension is the minimum punishment for using profane language, for repeated violations of school rules, and for insubordination. It was reasonable for the Board to enforce this established policy and suspend J.S., especially when J.S. had been warned, twice, that using the "F-word" was inappropriate.
Swindle's request for relief-that the school remove any reference to J.S.'s suspension and never suspend him again-lacks foundation in any source of law. Swindle has not cited a single case that would support such a vast judicial overreach into matters left, rightly so, in the discretion of locally elected school boards. See Fortman v. Texarkana Sch. Dist. No. 7 , 257 Ark. 130, 514 S.W.2d 720 (1974).
Our case law promotes the exact opposite view-the judiciary should stay out of school discipline matters unless there is a clear abuse of discretion:
The legal principle is also firmly established that school authorities may expel or suspend from school any pupil who disobeys a reasonable rule or regulation. School officials are clothed with considerable discretionary authority in determining whether or not a rule has been violated, and, in the event they conclude that a violation has occurred, they also have discretionary authority in determining the nature of the penalty to be imposed-providing it is not arbitrary or unreasonable.
*215 Fortman , 257 Ark. at 133, 514 S.W.2d at 722. Our supreme court and this court have reversed trial courts that interfere with school disciplinary matters. See, e.g. , Bowman , supra (reversing chancery court's injunction that barred school from enforcing expulsion); Lockhart , supra (reversing court's injunction that reinstated expelled student); Cross Cnty. Sch. Dist. v. Spencer , 75 Ark. App. 421, 58 S.W.3d 406 (2001) (same).
The facts of this case do not justify judicial interference, and the circuit court was correct when it granted summary judgment in the Board's favor.
Affirmed.
Walmsley and Whiteaker, JJ., agree.