JOSEPHINE LINKER HART, Associate Justice
Monsanto Company ("Monsanto") appeals the decision of the Pulaski County Circuit Court. The circuit court dismissed Monsanto's amended complaint against the Arkansas State Plant Board and its members (together, the "Plant Board") on the basis of sovereign immunity. We find portions of this matter to be moot, and as to the remainder, we reverse and remand for further proceedings consistent with this opinion.
*10 I. Background
Monsanto develops and sells products containing dicamba, a chemical compound effective against Palmer amaranth (pigweed), which is a pest weed common in Arkansas and other states. In 2016, Monsanto obtained federal and state regulatory approval for the in-crop use of a low-volatility dicamba herbicide, XtendiMax with VaporGrip Technology ("XtendiMax"), in Arkansas. Shortly thereafter, at a special meeting on November 21, 2016, the Plant Board passed a new regulation that reclassified XtendiMax from a Class A Pesticide to a Class H Pesticide and added date restrictions prohibiting the use of XtendiMax between April 15 and September 15 (the "2016 Promulgation"). Monsanto asserts that this rule effectively prohibited any in-crop use of XtendiMax for the 2017 growing season. Then, on November 9, 2017, the Plant Board promulgated a rule that would prohibit any in-crop use of dicamba herbicides in Arkansas between April 16 through October 31 of the 2018 growing season (the "2017 Promulgation"). The Plant Board asserts that the basis for these decisions was to prevent the devastation of the crops, foliage, honey production, and ornamental landscaping caused by dicamba-containing herbicides.
After the 2017 Promulgation, Monsanto filed a complaint in the Pulaski County Circuit Court against the Plant Board and its members on October 20, 2017, and then amended its complaint on November 17, 2017. The amended complaint set forth seven alleged claims against the Plant Board: (1) violations of the Arkansas Pesticide Use and Application Act and the Arkansas Pesticide Control Act; (2) violations of the Arkansas Administrative Procedure Act; (3) a declaratory judgment that the Plant Board's November 9, 2017 promulgation was ultra vires and invalid; (4) a federal due-process violation for Plant Board member Terry Fuller's role in the promulgation process, which Monsanto alleged was illegally tainted by bias; (5) a separate federal due-process violation for infringement upon Monsanto's vested property interest in its state and federal registrations and classifications for its products; (6) a Commerce Clause violation for the Plant Board's unwritten requirement that pesticide registrants engage researchers from the University of Arkansas to complete two years of product testing before they can obtain regulatory approval for use of their products within the state; and (7) state and federal constitutional violations for the statutory process by which the Plant Board is comprised, which allows various "private interest groups" to each appoint a member to the Plant Board.
Importantly, each of Monsanto's claims sought injunctive or declaratory relief for alleged illegal or unconstitutional activity by the Plant Board and its members. Monsanto's amended complaint did not seek an award of monetary damages in any respect. Additionally, while each of the claims in Monsanto's sixty-two-page amended complaint is distinct, there is overlap between the asserted legal authority for those claims and the corresponding requests for relief. Generally speaking, Monsanto's amended complaint asked the circuit court to do four things: (1) to declare the Plant Board's 2016 Rule Promulgation illegal and enjoin its enforcement, (2) to declare the Plant Board's 2017 Rule Promulgation illegal and enjoin its enforcement, (3) to prevent the Plant Board from requiring pesticide registrants to submit research conducted by researchers at the University of Arkansas in order to gain approval for use of the products within the State of Arkansas, and (4) to hold the composition of the Plant Board's members and the current statutory process therefore unconstitutional.
*11 On December 20, 2017, the Plant Board filed a motion to dismiss, arguing that Monsanto's complaint should be dismissed as a matter of law based upon the State's sovereign immunity. At the time, there were three acknowledged exceptions to the sovereign immunity-doctrine: (1) when the State is the moving party seeking specific relief, (2) when a plaintiff seeks to enjoin a state official from acting unlawfully, and (3) when an act of the legislature has created a waiver of immunity. See , e.g. , Mitchem v. Hobbs , 2014 Ark. 233, 3-4, 2014 WL 2019278 ; Ark. Dep't of Cmty. Corr. v. City of Pine Bluff , 2013 Ark. 36, at 4, 425 S.W.3d 731, 734 ; Bd. of Trs. of Univ. of Ark. v. Burcham , 2014 Ark. 61, at 3-4, 2014 WL 585981. In its motion to dismiss, the Plant Board argued that, contrary to the decisions reached in the aforementioned cases, the language contained in art. 5, § 20 of the Arkansas Constitution, "[t]he State of Arkansas shall never be made defendant in any of her courts," leaves no room for any exception to the State's sovereign immunity. Therefore, the Plant Board argued, allowing Monsanto's complaint to proceed in state court would violate art. 5, § 20 of the Arkansas Constitution.
Then, on January 18, 2018, this court issued its decision in a separate case, Board of Trustees of University of Arkansas v. Andrews. 2018 Ark. 12, 535 S.W.3d 616. In Andrews , the majority held that the third of the three aforementioned sovereign immunity exceptions (legislative waiver) violated art. 5 § 20 of the Arkansas Constitution. The majority held:
[W]e conclude that the legislative waiver of sovereign immunity ... is repugnant to article 5, section 20 of the Arkansas Constitution. In reaching this conclusion, we interpret the constitutional provision, "The State of Arkansas shall never be made a defendant in any of her courts," precisely as it reads.
Andrews , 2018 Ark. 12, at 10, 535 S.W.3d at 622.
Back to the case now at hand, on January 22, 2018, Monsanto filed its response to the Plant Board's motion to dismiss. In its response, Monsanto argued that the claims set forth in its amended complaint alleged ultra vires conduct on the part of the Plant Board, and that Andrews had left the ultra vires exception to sovereign immunity intact. On February 9, 2018, the Plant Board filed its reply. The Plant Board's reply acknowledged that sovereign immunity should not bar actions to enjoin ultra vires government conduct, even after Andrews , but argued instead that Monsanto's amended complaint failed to allege any such claim of ultra vires government conduct, and that Monsanto's claims should therefore still be dismissed on the basis of sovereign immunity.
On February 16, 2018, the circuit court held a hearing on the Plant Board's motion to dismiss, and on March 29, 2018, the circuit court issued an order granting said motion. The circuit court specifically found that Monsanto's amended complaint alleged that the Plant Board "violated several Arkansas statutory and federal constitutional provisions and exceeded their delegated authority," which would otherwise fit within the ultra vires exception to sovereign immunity, but nonetheless dismissed Monsanto's amended complaint on the basis of sovereign immunity. The "problem," the circuit court reasoned, was that "with Andrews , we have cut that procedure short, and it doesn't give the litigants an avenue to go up" from the agency level to state court. Pursuant to this rationale, the fact that Monsanto's amended complaint alleged ultra vires conduct on the part of the Plant Board was immaterial because allowing the action to go forward would nonetheless *12 make a state entity a defendant in state court in violation of art. 5, § 20 of the Arkansas Constitution. In granting the Plant Board's motion to dismiss, the circuit court specifically declined to consider any of the arguments at issue other than sovereign immunity.
Monsanto then appealed to this court.
II. Mootness
Since the parties submitted their briefs in this matter, the Plant Board has promulgated an entire new set of regulations on pesticide use in Arkansas (the "2019 Promulgation"). See Ark. Code R. 209.02.4-XIII (B)(1)-(2). This court has historically and consistently taken judicial notice of rules and regulations promulgated by administrative agencies. Warren Wholesale Co. v. McLane Co. , 374 Ark. 171, 173, 286 S.W.3d 709, 710 (2008) (citing Ark. Alcoholic Beverage Control Bd. v. Muncrief , 308 Ark. 373, 825 S.W.2d 816 (1992) ; Webb v. Bishop , 242 Ark. 320, 413 S.W.2d 862 (1967) ; State v. Martin , 134 Ark. 420, 204 S.W. 622 (1918) ). "The principles of mootness ... are likewise applicable to an agency regulation that is repealed while the appeal challenging the regulation is pending." Warren , 374 Ark. at 174, 286 S.W.3d at 710.
On March 9, 2019, the 2019 Promulgation became effective. A significant difference between the 2019 Promulgation and the 2016 and 2017 Promulgations is the applicable date restrictions on in-crop use of dicamba-containing pesticides, including XtendiMax. Now, farmers can use dicamba-containing pesticides until May 25 each year, and even after May 25 in certain parts of the state under certain conditions, whereas before farmers could only use dicamba-containing pesticides until April 15.
Pursuant to Warren , the 2019 Promulgation moots the portions of Monsanto's amended complaint that relate exclusively to the 2016 and 2017 Promulgations. There are two long-standing discretionary exceptions to the mootness doctrine, applicable when an issue is capable of repetition yet evades review, and when substantial public interest warrants this court's review. See Warren , supra. Indeed, a State administrative agency could deliberately keep one in litigation limbo forever if it could moot the pursuit of his or her claim simply by changing a detail of the rule in question every once in a while and thereby forcing another restart of the litigation process. However, there is no indication that the Plant Board is engaged in such tactics here. Without undertaking any advisory review of the 2019 Promulgation, it is fair to say that the new rule appears to reflect an effort at a more "tailored" system that would allow the interested parties to do more of what they want, more safely, during specific pre-designated periods of time. Monsanto, groups of farmers on both sides of this issue, and many other interested individuals and entities doubtlessly exercised their rights to participate in the process of the new rule's promulgation. Here, the public interest does not weigh in favor of this court issuing an advisory opinion on these issues at this time. Accordingly, the portions of Monsanto's amended complaint that relate exclusively to the 2016 and 2017 Promulgations are now moot.
However, the portions of Monsanto's amended complaint relating to the requirement that pesticide registrants submit research conducted by researchers at the University of Arkansas in order to gain approval for use of the products, and to the constitutionality of the Plant Board's composition and the current statutory process therefore, still reflect a ripe and justiciable case or controversy. We address *13 those issues in the following sections of this opinion.
III. Legal Authority
In reviewing a circuit court's decision on a motion to dismiss, this court "treat[s] the facts alleged in the complaint as true and view[s] them in the light most favorable to the plaintiff." McGhee v. Ark. State Bd. of Collection Agencies , 360 Ark. 363, 368, 201 S.W.3d 375, 377-78 (2005). This court "look[s] only to the allegations in the complaint and not to matters outside the complaint." Id. "In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed." Fulton v. Beacon Nat'l Ins. Co. , 2012 Ark. App. 320, at 8, 416 S.W.3d 759, 764.
Since Andrews , this court issued its opinion in Martin v. Haas , 2018 Ark. 283, 556 S.W.3d 509, which makes our decision in this case a simple one. In Haas , a voter brought a declaratory-judgment action against the Arkansas Secretary of State and others, seeking to declare a legislative act regarding voter identification unconstitutional and to enjoin its enforcement. Id. The Arkansas Secretary of State responded by arguing that sovereign immunity barred the voter's suit. Id. at 7-8, 556 S.W.3d at 514-15. We disagreed, reiterating that the sovereign immunity defense is not available against claims of ultra vires conduct that only seek declaratory or injunctive relief. Id. This court held,
Here, appellee challenged the constitutionality of Act 633. "We view our [sovereign immunity] cases as allowing actions that are illegal, are unconstitutional or are ultra vires to be enjoined." Cammack v. Chalmers , 284 Ark. 161, 163, 680 S.W.2d 689, 689 (1984) ; see also Bd. of Trustees of Univ. of Ark. v. Burcham , 2014 Ark. 61, at 4, 2014 WL 585981 ("[T]he scope of the exception to sovereign immunity for unconstitutional acts or for acts that are ultra vires, arbitrary, capricious or in bad faith, extends only to injunctive relief.").
Because appellee has asserted that Act 633 violates qualified voters' constitutional right to vote and seeks declaratory and injunctive relief, not money damages, this action is not subject to the asserted sovereign-immunity defense.
Id.
IV. Analysis
In short, the ultra vires exception is alive and well, and it applies in this case. Neither Andrews nor any subsequent opinion of this court eliminated the ultra vires exception to the sovereign immunity doctrine. Where a claim is based on alleged ultra vires conduct on the part of the State, and the claimant seeks only declaratory and injunctive relief, sovereign immunity is inapplicable. Here, each of the remaining claims in Monsanto's amended complaint is based on allegations of ultra vires conduct on the part of the Plant Board. Moreover, Monsanto's amended complaint seeks only declaratory and injunctive relief, and does not seek monetary damages. Monsanto's claims are sufficiently developed, detailed, and specific as to properly allege ultra vires conduct, and under these circumstances, the Plant Board must address the merits of Monsanto's claims.
Accordingly, the circuit court's decision to dismiss Monsanto's amended complaint on the basis of sovereign immunity is reversed. We remand this matter to the circuit court for further proceedings consistent with this opinion.
Moot in part; reversed and remanded in part.
Special Justice Karen McKinney joins this opinion.
Baker, J., concurs in part and dissents in part.
Goodson, J., not participating.