Cite as 2022 Ark. 59

# SUPREME COURT OF ARKANSAS

No. CV-21-365

| | |
|---|---|
| ASA HUTCHINSON, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF ARKANSAS; AND DR. CHARISSE CHILDERS, IN HER OFFICIAL CAPACITY AS DIRECTOR, ARKANSAS DIVISION OF WORKFORCE SERVICES | Opinion Delivered: March 10, 2022 |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| | [NO. 60CV-21-4507] |
| APPELLANTS | |
| V. | HONORABLE HERBERT WRIGHT, JUDGE |
| LOGAN ARMSTRONG; EMILY BALL; RONALD BATES; CYNTHIA EYIUCHE; AND KURT JOHNSEN | REVERSED AND REMANDED WITH INSTRUCTIONS. |
| APPELLEES | |

**ROBIN F. WYNNE, Associate Justice**

Appellants, Asa Hutchinson, in his official capacity as Governor of Arkansas; and Dr. Charisse Childers, in her official capacity as Director of the Arkansas Division of Workforce Services ("DWS"), appeal from an order of the Pulaski County Circuit Court granting a preliminary injunction in favor of appellees, Logan Armstrong, Emily Ball, Ronald Bates, Cynthia Eyiuche, and Kurt Johnsen. In this interlocutory appeal, appellants argue that appellees' claims are moot and that sovereign immunity bars those claims. We reverse and remand with instructions to enter an order stating that the grounds on which the trial court relied in entering the preliminary injunction have become moot.

I. *Background*

In early 2020, in response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136. Relevant here, the CARES Act created three pandemic-specific unemployment programs in which states could choose to participate. Pandemic Unemployment Assistance ("PUA") provided unemployment benefits to workers not covered by regular unemployment insurance, including self-employed workers and gig workers. 15 U.S.C. § 9021. Federal Pandemic Unemployment Compensation ("FPUC") increased the amount of the weekly benefits received by qualified recipients by $300. 15 U.S.C. § 9023. Pandemic Emergency Unemployment Compensation ("PEUC") extended the time during which recipients of regular unemployment benefits could receive benefits. 15 U.S.C. § 9025. These pandemic unemployment programs were fully funded by the federal government through the Social Security Act's Unemployment Trust Fund. *See* 42 U.S.C. §§ 1101, 1104, and 1105. These programs expired on September 6, 2021.

On March 28, 2020, the State of Arkansas entered into an agreement with the United States Department of Labor ("DOL") to administer the CARES Act pandemic-unemployment programs, including PUA, FPUC, and PEUC. The agreement provided that either party could terminate the agreement on thirty days' written notice. On May 7, 2021, Hutchinson directed DWS to terminate the State's participation in these programs, and on May 19, 2021, Childers gave the DOL notice of the State's intent to end its participation in these programs, effective June 26, 2021.

About a month after the State had terminated its participation in PUA, FPUC, and PEUC, appellees, five Arkansas residents who had been receiving pandemic-unemployment benefits through these programs prior to the State's termination, filed suit against appellants seeking declaratory and injunctive relief. Appellees alleged that appellants lacked the authority under Arkansas Code Annotated section 11-10-312 (Supp. 2021) to terminate the State's participation in these programs prior to the programs' expiration. Specifically, appellees alleged that the provision in section 11-10-312(a) that the DWS director "shall cooperate with the United States Department of Labor to the fullest extent consistent with the provisions of this chapter and shall take such action . . . to secure to this state and its citizens all advantages available under the provisions of the Social Security Act that relate to unemployment compensation . . ." required appellants to continue the State's participation in the pandemic-unemployment programs.

Appellees moved for a temporary restraining order and preliminary injunction, alleging they would suffer irreparable harm without an injunction ordering appellants to restore the terminated programs. After a hearing on July 28, 2021, the trial court granted the motion and entered a preliminary injunction ordering appellants "to reengage these terminated programs if the United States Government will agree to permit the State to do so." In its order, the trial court concluded that section 11-10-312, along with other statutory provisions, indicates that "the State legislature has clearly stated its public policy" and that "[t]he clear meaning of Arkansas law in this regard is that the State is to participate in these types of programs for the benefit of its citizens." The trial court found that appellees had a

3

reasonable likelihood of success on the merits and were likely to suffer harm in the absence of a preliminary injunction and expressed "serious doubts that [appellants] were acting within the scope of their duties, as these decisions would normally be the subject of legislation from the General Assembly." Although appellants argued at the hearing that the claims were barred by sovereign immunity, the trial court did not specifically address the issue in its order. Appellants filed this interlocutory appeal, and this court stayed the preliminary injunction and all proceedings below pending appeal.

On August 6, 2021, while this appeal was pending, the General Assembly passed Act 1 of the First Extraordinary Session of 2021. Act 1 amended Arkansas Code Annotated section 11-10-312 to provide that the director of DWS "may take such action . . . as may be necessary to secure to this state and its citizens all advantages available under the Social Security Act that relate to unemployment compensation." 2021 Ark. Acts 1, § 3 (1st Ext. Sess.). The Act also added that section 11-10-312 "does not [r]equire the director to participate in, nor preclude the director from ceasing to participate in, any voluntary, optional, special, or emergency program offered by the United States Government including without limitation programs offered under . . . the Coronavirus Aid, Relief, and Economic Security Act. . . ." *Id.* (to be codified as Ark. Code Ann. § 11-10-312(c)(1)). The Act states that it is retroactive to May 19, 2021, the date that Childers notified the DOL of the State's intent to terminate the programs. 2021 Ark. Acts 1, § 4.

II. *Analysis*

4

This court has jurisdiction of this interlocutory appeal under Arkansas Rule of Appellate Procedure–Civil 2(a)(6), which permits an interlocutory appeal of an order granting an injunction. In determining whether to issue a preliminary injunction pursuant to Arkansas Rule of Civil Procedure 65, the trial court must consider two things: (1) whether irreparable harm will result in the absence of an injunction or restraining order and (2) whether the moving party has demonstrated a likelihood of success on the merits. *Baptist Health v. Murphy*, 365 Ark. 115, 121, 226 S.W.3d 800, 806 (2006). This court reviews the grant of a preliminary injunction under an abuse-of-discretion standard. *Id.* When an appeal reaches this court via an order granting a preliminary injunction, we will not delve into the merits of the case further than is necessary to determine whether the trial court exceeded its discretion in granting the injunction. *Id.* The sole question before us is whether the trial court departed from the rules and principles of equity in making the order, not whether this court would have made the order. *Id.* at 121–22, 226 S.W.3d at 806–07 (cleaned up).

As a threshold matter, appellants urge us to dismiss this case as moot for two reasons: the pandemic-unemployment programs expired on September 6, 2021, and Act 1 removed the basis for the lawsuit. As a general rule, this court will not review issues that are moot. *Arkansas Dep't of Hum. Servs. v. Ledgerwood*, 2019 Ark. 100, at 2, 571 S.W.3d 1, 2. To do so would be to render advisory opinions, which this court will not do. *Id.* A case is moot when any judgment rendered would not have any practical legal effect upon a then-existing legal controversy. *Id.* In other words, a moot case presents no justiciable issue for determination by the court. *Id.*

This court has repeatedly held that changes in the law may render claims moot. In *Allison v. Lee County Election Commission*, 359 Ark. 388, 390–91, 198 S.W.3d 113, 114–15 (2004), we held that a candidate's appeal challenging the statute providing filing deadlines for candidates was moot because the election had occurred two years earlier and because the challenged statute had been repealed. We concluded that "[a]ny opinion this court would give on the old version of the law would simply be an advisory opinion, a practice in which this court will not engage." *Id.* at 391, 198 S.W.3d at 115. Similarly, we concluded in *Warren Wholesale Co. v. McLane Co.*, 374 Ark. 171, 174, 286 S.W.3d 709, 710–11 (2008), that the repeal of a challenged regulation rendered the appeal moot because the challenged regulation no longer existed. We therefore remanded the case "for entry of a decree stating that the grounds upon which the trial court relied for entering the declaratory judgment and injunction have become moot by the repeal of the challenged section. . . ." *Id.* at 176, 286 S.W.3d at 712. And in *City of Clinton v. Southern Paramedic Services, Inc.*, 2012 Ark. 88, at 10, 387 S.W.3d 137, 142, we held that the repeal of the ordinances under which the cause of action arose rendered the appeal and the case moot and that any opinion this court handed down based on repealed ordinances would be an advisory opinion. *See also Kiesling v. Arkansas Pro. Bail Ass'n*, 2017 Ark. 346, at 5, 532 S.W.3d 567, 570 (holding that the amendment of a statute rendered a challenge to the statute moot); *Arkansas Dep't of Corr. v. Williams*, 2009 Ark. 523, at 9, 357 S.W.3d 867, 872 (holding that the amendment of a statute rendered the basis for an injunction—but not the appeal—moot).

With this precedent in mind, we turn first to appellants' argument that the case is moot because the pandemic-unemployment programs have expired. Appellants argue that because those programs no longer exist, appellees cannot get the relief they seek, and the trial court's order directing appellants to reengage those programs is therefore an impossibility. Appellees contend their cause of action is not moot because it is possible for the State to rescind its early termination and rejoin the programs, in which case the federal government will pay for retroactive benefits for the time period in which the State did not participate. In support of their argument that retroactive benefits are available, appellees rely on a letter that is not in the record.[1] We cannot consider this letter because we do not consider matters outside the record on appeal. *Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 742, 120 S.W.3d 61, 69 (2003). The availability of retroactive benefits after the termination of the programs is a question of fact, and we do not find facts. *Jenkins v. Mercy Hosp. Rogers*, 2021 Ark. 211, at 13, 633 S.W.3d 758, 767. Without a finding about the availability of retroactive benefits, this court cannot determine whether the expiration of the programs renders this case moot.

Now we turn to whether Act 1 renders the case moot. As discussed above, Act 1 amended section 11-10-312 to provide that the director of DWS "may"—instead of "shall"— "take such action . . . as may be necessary to secure to this state and its citizens all advantages available under the Social Security Act that relate to unemployment compensation." 2021

---

[1]This court denied appellees' motion to supplement the record with this letter. *Hutchinson v. Armstrong*, No. CV-21-365 (Ark. Jan. 13, 2022).

Ark. Acts 1, § 3. The amended section 11-10-312 also provides that the director is not required to participate in, nor precluded from ceasing to participate in, voluntary programs offered under the CARES Act. *Id.* Appellants contend that Act 1 moots the case because the General Assembly expressly intended for Act 1 to be retroactive to May 19, 2021, the date that Childers notified the DOL of the State's intent to terminate its participation in the pandemic-unemployment programs. Therefore, appellants argue, they had the authority to terminate the State's participation in these programs. Appellees counter that Act 1 does not render the case moot because it is unconstitutional and cannot be applied retroactively even if it is constitutional. At this time, we cannot decide whether Act 1 is constitutional. The requirement of a ruling from a lower court is the elementary basis of this court's function, which is to review decisions of a trial court and not to make them in the first instance on appeal. *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, at 13, 427 S.W.3d 651, 659–60. We overstep our bounds as an appellate court if we reach an issue in the absence of a ruling from the lower court. *Id.*, 427 S.W.3d at 660. Accordingly, this court cannot consider the constitutionality of Act 1 without a ruling from the trial court.

Our examination of the grounds on which the trial court entered the preliminary injunction makes it clear that those grounds have been rendered moot by Act 1. Appellees' claims were based on a statute—section 11-10-312— that was amended by Act 1. The trial court based its order granting a preliminary injunction on its conclusion that the "clear meaning of Arkansas law" is that the State is to participate in unemployment programs. In addition, the trial court expressed "serious doubts" that appellants were "acting within the

scope of their duties" in withdrawing the State from these programs because those decisions would normally be the subject of legislation. But Act 1 changed the law underpinning the injunction. Therefore, the grounds on which the trial court entered its preliminary injunction have been rendered moot.

We have recognized two exceptions to mootness—matters capable of repetition yet evading review and matters of substantial public interest that are likely to be litigated in the future. *Ledgerwood*, 2019 Ark. 100, at 2, 571 S.W.3d at 2. Neither applies here. Whether the prior version of section 11-10-312 authorized appellants to terminate participation in pandemic-unemployment programs available under the CARES Act is not a matter capable of repetition, nor is it likely to be litigated in the future because the statute was amended. Any opinion rendered on the prior version of the statute would be advisory and would not prevent future litigation. *See Allison*, 359 Ark. at 391, 198 S.W.3d at 115.

Because the grounds for the entry of the preliminary injunction are moot, we do not reach the merits of the injunction. Nor do we reach whether sovereign immunity bars this action. This court has long held that sovereign immunity does not apply to actions seeking only declaratory or injunctive relief and alleging an illegal, unconstitutional, or ultra vires act. *Harris v. Hutchinson*, 2020 Ark. 3, at 4, 591 S.W.3d 778, 781. Whether sovereign immunity applies in this case turns on the claim that appellants acted beyond the authority given to them under the prior version of section 11-10-312, which was amended by Act 1. As discussed above, any opinion on that statute would be advisory, and this court does not render advisory opinions. *See, e.g., Allison*, 359 Ark. at 391, 198 S.W.3d at 115.

While the grounds for the preliminary injunction have become moot, the appeal itself is not moot because the injunction is still in place. *See Williams*, 2009 Ark. 523, at 6, 357 S.W.3d at 871 (holding that the appeal was not moot because there was a summary-judgment order and injunction in place that must be reversed or affirmed). Under these particular circumstances, because our appellate jurisdiction arises under Rule 2(a)(6)—allowing us to review the order granting a preliminary injunction—and because there remain issues that we cannot address, we decline to dismiss the appeal and underlying case as moot. Accordingly, we reverse the preliminary injunction and remand with instructions for entry of an order stating that the grounds on which the trial court relied for the preliminary injunction have become moot. *See Morgan v. Sparks*, 258 Ark. 273, 277, 523 S.W.2d 926, 929 (1975).

Reversed and remanded with instructions.

WOOD, J., concurs.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** The Arkansas Constitution provides, "The State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. 5, § 20. We extend this sovereign immunity to state employees sued in their official capacities. *Banks v. Jones*, 2019 Ark. 204, at 3, 575 S.W.3d 111, 114. For the reasons discussed in my dissent in *Thurston v. League of Women Voters of Arkansas*, 2022 Ark. 32, at 16, ___ S.W.3d ___, ___, sovereign immunity bars this action against appellants in their official capacities. Accordingly, I would reverse the injunction and dismiss the action.

*Leslie Rutledge*, Att'y Gen., by: *Kat Hodge*, Sr. Att'y Gen., for appellants.

*Kevin De Liban*, *Nikki Clark*, *Jaden Atkins*, and *Victoria Frazier*, Legal Aid of Arkansas, for appellees.