William GEE *v.* Julia HARRIS

CA 05-712                                                    223 S.W.3d 88

Court of Appeals of Arkansas
Opinion delivered January 18, 2006

*Tripcony Law Firm, P.A.*, by: *John D. Young*, for appellant.

*Terry Askew*, for appellee.

LARRY D. VAUGHT, Judge. This case arises from an order of protection entered against appellant William Gee by the

Garland County Circuit Court. Gee filed a motion to dismiss the protective order, arguing that the circuit court improperly exercised personal jurisdiction over him. The trial court denied Gee's motion. On appeal Gee argues that the circuit court erred in asserting personal jurisdiction over a non-resident and that the court erred in entering and extending the order because there was insufficient evidence presented by appellee Julia Harris that Gee posed an immediate threat of harm. We dismiss the appeal as moot.

Gee and Harris lived in Vancouver, Washington, until February 2005. After a serious altercation — Gee pleaded guilty to criminal charges after beating Harris — she fled to Hot Springs, Arkansas, to live with her mother. Based on Harris's accusation that Gee had called her mother's home several times and threatened to commit further acts of violence against her, Harris swore out a petition for an order of protection. An ex parte order based on this petition was issued on February 23, 2005. The order was extended on March 28, 2005, but it expired on September 27, 2005.

Here, the issue of mootness has not been raised by the parties; rather, it is a jurisdictional issue that we raise on our own motion. *Black's Law Dictionary* 1024 (7th ed. 1999), defines "moot" as "[h]aving no practical significance." A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. As a general rule, the appellate courts of this state will not review issues that are moot. *Allison v. Lee County Election Comm'n*, 359 Ark. 388, 198 S.W.3d 113 (2004). To do so would be to render advisory opinions, which we will not do. *Id.* Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* Our courts have recognized two exceptions to the mootness doctrine. *Id.* The first exception involves issues that are capable of repetition, yet evade review, and the second exception concerns issues that raise considerations of substantial public interest, which if addressed would prevent future litigation. *Id.*

As far as the underlying order of protection that is being appealed, neither exception is applicable. The order has expired and thus there is no remedy for Gee — even if we held that the trial court erred — because the damage, if there was any, has already been done and cannot be undone. Because any judgment

rendered would have no practical legal effect upon an existing legal controversy, we dismiss Gee's appeal as moot.

Dismissed.

GLADWIN and BIRD, JJ., agree.