Larry D. Vaught, Judge, dissenting. I dissent from the majority’s departure from precedent and its expansion of a previously narrow exception to the mootness doctrine. The issue before us is whether Chad’s appeal is moot based on the expiration of the order of protection he is appealing. In Gee v. Harris, 94 Ark.App. 32, 223 S.W.3d 88 (2006), we held that although the issue of mootness had not been raised by either party, we lacked jurisdiction to review an order of protection that had expired, making the case moot. We specifically held that an expired order of protection did not meet the requirements of the two recognized exceptions to the mootness doctrine. As was the case in Gee, the order of protection against Chad has now expired, so there is no remedy available for him on appeal. Even if we found error and decided the case in Chad’s favor, “the damage, if there was any, has already been done and cannot be undone.” Gee, 94 Ark. App. at 33, 223 S.W.3d at 89. Therefore, because any judgment we might render would have no practical legal effect on an existing legal controversy, we are required to dismiss Chad’s appeal as moot. The majority holds that our precedent in Gee must be revised to incorporate a third exception to the mootness doctrine, the theory of “collateral legal consequences.” Such an |12exception has been recognized under Arkansas law in only one case,[1] McPeak v. State, 2012 Ark. App. 234, 406 S.W.3d 430, which dealt with a felony conviction, not a civil order of protection. Neither our court nor the Arkansas Supreme Court has applied this exception in any other case. The majority’s application of the collateral-legal-consequences exception to the facts of the present case is a significant departure from precedent, weakens the mootness doctrine, and undermines the prohibition on advisory opinions. As the Arkansas Supreme Court explained in Chamberlin v. State Farm Mutual Automobile Insurance Co., 343 Ark. 392, 397-98, 36 S.W.3d 281, 284 (2001), “[ujnder the doctrine of stare decisis, we are bound to follow prior case law.” The policy "of stare decisis is designed to lend predictability and stability to the law. Id., 36 S.W.3d at 284; State of Ark. Office of Child Support Enf't v. Mitchell, 330 Ark. 338, 343, 954 S.W.2d 907, 909 (1997); Parish v. Pitts, 244 Ark. 1239, 1252, 429 S.W.2d 45, 52 (1968) (superseded by statute on other grounds). It is well settled that “[precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable.” Chamberlin, 343 Ark. at 397-98, 36 S.W.3d at 284 (quoting Mitchell, 330 Ark. at 343, 954 S.W.2d at 909). Our test is whether adherence to the rule would result in “great injury or injustice.” Id., 36 S.W.3d at 284; Mitchell, 330 Ark. at 343, 954 S.W.2d at 909 (quoting Indep. Fed. Bank v. Paine Webber, 302 Ark. 324, 331, 789 S.W.2d 725, 730 (1990)). I am not persuaded that the long-standing rule that an appeal of an order of protection is rendered moot by the order’s expiration will now suddenly result in “great injury or injustice.” 11sThe majority relies heavily on cases from other jurisdictions that allow appeals from expired orders of protection based on the theory of collateral legal consequences. However, the majority fails to discuss the fact that many of those jurisdictions require a special proceeding wherein the defendant must prove, through the introduction of admissible evidence, the alleged collateral legal consequences in order to invoke the exception. See Putman v. Kennedy, 279 Conn. 162, 900 A.2d 1256 (2006). Arkansas has no such procedure, and as a result, the majority applied the collateral-legal-consequences exception in this case without any substantive evidence of the specific consequences facing Chad as a result of the order of protection. The majority argues that Chad may be at a disadvantage in future child-custody disputes or order-of-protection cases by virtue of the order at issue in this appeal, but this is mere speculation. Chad has neither argued nor presented evidence regarding either potentiality. Ultimately, the majority’s opinion rests on its conclusion that an order of protection causes harm to its subject’s reputation due to the “stigma and opprobrium associated with domestic abuse.” While that conclusion may be correct, it does not support a drastic departure from the mootness doctrine. The majority fails to distinguish the reputational harm associated with an order of protection from the reputational harm associated with any other negative court ruling. By expanding the collateral-legal-consequences exception to the mootness doctrine to cover a civil case in which we have no substantive evidence of concrete consequences, the majority has created the precedent that mootness may be overcome based on something as vague and amorphous as “social stigma” and “harm to the reputation.” This will become the exception that swallows the rule. Our holding in McPeak was limited to the Jewell-established legal consequences of a felony conviction. The majority’s expansion of that exception to cover this case undermines the mootness doctrine and will likely result in our courts issuing prohibited advisory opinions. See Shipp v. Franklin, 370 Ark. 262, 266-67, 258 S.W.3d 744, 748 (2007). Gladwin, Whiteaker, and Brown, JJ., join. . The only other case on which the majority relies, Thompson v. State, 2016 Ark. 383, 503 S.W.3d 62, was a plurality decision that neither expressly nor impliedly invoked the collateral-legal-consequences exception.