KAREN R. BAKER, Associate Justice
Appellant Russell Berger filed a civil petition in circuit court in which he sought an order directing the warden of the prison where he was incarcerated to preserve "video evidence" in connection with a period of time at the prison during which Berger alleged he had been confined for sixteen hours in a cell flooded with raw sewage. Berger asked in the petition that the evidence be maintained and not destroyed-as it would be after forty-five days under the prison's normal procedure-so that he would have time to exhaust his administrative remedies as required before he could pursue potential claims concerning the incident either in court or before the claims commission. The circuit court dismissed the petition, and it found that the petition constituted a strike under Arkansas Code Annotated section 16-68-607 (Supp. 2017).
Berger lodged this appeal, and Warden Gibson, represented by the Attorney General's office, has filed a motion to dismiss the appeal because Berger filed a handwritten brief. Warden Gibson also requests in a separate motion that this court stay briefing and grant him an additional thirty days after the decision on the motion in which to file a brief. Because the Attorney General's office should have known that the basis raised to dismiss the appeal was frivolous, we deny both motions.
In the motion to dismiss, Warden Gibson alleges that Berger's brief fails to comply with Arkansas Supreme Court Rules 1-2, 4-1, and 4-2 because it is not typewritten, and that Berger has not requested permission to file a handwritten brief, demonstrated substantial merit for the appeal, or established that he is unable to submit a typewritten brief. Effective June 1, 2006, Arkansas Supreme Court Rule 4-7 applies to briefs filed in postconviction and civil appeals, including mandamus and other petitions pertaining to the appellant's conviction or incarceration, when an appellant is incarcerated and proceeding pro se. Ark. Sup. Ct. R. 4-7(a) (2017). Under Rule 4-7(b)(1), briefs may be handwritten.
To the extent that Warden Gibson would have this court address the merits of the appeal, he has provided no reason why he should not be required to file an appropriate brief that addresses the arguments rather than requesting this court to address *521 the same issues through a motion.[1] We also decline the request for additional time in which to submit a brief.
Motions denied.

Warden Gibson, through counsel, tendered a reply to Berger's response, which our clerk declined to file because there is no procedure permitting such a reply. In that tendered reply, the warden appears to request permission to amend his motion to limit the bases for dismissal to the merits of the appeal based on the arguments made in Berger's brief. We note, however, that after his reply was rejected by the clerk, Warden Gibson did not file a motion to amend or withdraw the previous motion.