SHAWN A. WOMACK, Associate Justice
The Arkansas Department of Human Services (DHS) challenges the permanent injunction against its 2015 ARChoices Medicaid waiver rule. While this appeal was pending, the agency promulgated a new rule and the circuit court dissolved the injunction. We accordingly find that the instant case is moot and therefore dismiss the appeal.
I.
A recitation of the factual history underlying this appeal can be found in our first review of the case. See Ark. Dep't of Human Servs. v. Ledgerwood , 2017 Ark. 308, 530 S.W.3d 336 ( Ledgerwood I ). In Ledgerwood I , we upheld the circuit court's temporary restraining order enjoining the 2015 ARChoices Medicaid waiver rule as applied to the named Plaintiff-Appellees. On remand, the circuit court entered a permanent injunction against the program in its entirety. DHS was permanently enjoined from using the methodology embraced by that rule unless or until it was properly promulgated under the Administrative Procedure Act (APA). This appeal followed. But during the course of this appeal, DHS promulgated a new rule. The circuit court found DHS had properly promulgated the rule, which remains in effect today, and dissolved the permanent injunction at issue here.
II.
Before we reach the merits, we must first assess whether the instant appeal is moot given that the permanent injunction has been dissolved. As a general rule, this court will not review issues that are moot. See Terry v. White , 374 Ark. 387, 391, 288 S.W.3d 199, 202 (2008). To do so would be to render advisory opinions, which this court will not do. Id. A case is moot when any judgment rendered would not have any practical legal effect upon a then existing legal controversy. Id. In other words, a moot case presents no justiciable issue for determination by the court. Id.
The permanent injunction at the center of this appeal no longer stands. DHS promulgated a new final rule that has been in effect since October 1, 2018. The circuit court determined that new rule was properly promulgated under the APA and subsequently dissolved the permanent injunction. This occurred during the briefing of this appeal. There is accordingly no live controversy for this court to resolve and the case is undoubtedly moot. But mootness alone does not foreclose our consideration of issues on appeal. We have recognized two exceptions to the mootness doctrine: matters capable of repetition yet evading review and matters of substantial public interest that are likely to be litigated in the future. See Protect Fayetteville v. City of Fayetteville , 2019 Ark. 28, at 3, 566 S.W.3d 105, 108. An issue capable of repetition yet evading review arises when the justiciable controversy will necessarily expire or terminate prior to adjudication. See Wright v. Keffer , 319 Ark. 201, 203, 890 S.W.2d 271, 272 (1995). The other exception *3 applies where considerations of substantial public interest or the prevention of future litigation are present. See Duhon v. Gravett , 302 Ark. 358, 360, 790 S.W.2d 155, 156 (1990). That said, "the choice remains ours as to whether we may elect to settle an issue" that is moot. Id. And we do not improvidently utilize either exception. See Protect Fayetteville , 2019 Ark. 28, at 3, 566 S.W.3d at 108 (collecting cases).
DHS urges that this case falls within both exceptions. It argues that the circuit court's interpretation of "substantial compliance" under the APA presents an issue capable of repetition yet evading review and an issue of substantial public interest. It likewise claims the circuit court's decision that DHS's promulgation of the 2015 rule was an ultra vires act falls under the former exception. We disagree.
At this juncture, we see no reason to determine what threshold is contemplated by "substantial" compliance and whether failure to meet that threshold is an ultra vires act. DHS will only be in this position again if they fail to substantially comply with the APA. Moreover, this case was rendered moot after DHS substantially complied with those requirements during the promulgation of the current rule. It is not impossible for the challenged interpretation of "substantial compliance" and "ultra vires" to reach our court as a live controversy. That it did not do so here is no reason to apply an exception to mootness. And because the determination of "substantial compliance" may turn on facts specific to each case, we do not believe our exercise of the public interest exception to mootness would be prudent based on the circumstances presented here.
Dismissed.