Cite as 2020 Ark. 275

# SUPREME COURT OF ARKANSAS

No. CV-20-175

|  |  |
|---|---|
|  | Opinion Delivered: September 17, 2020 |
| ARKANSANS FOR HEALTHY EYES, A BALLOT QUESTION COMMITTEE; VICKI FARMER, INDIVIDUALLY AND ON BEHALF OF ARKANSANS FOR HEALTHY EYES; MATTHEW E. JONES, O.D.; BELINDA R. STARKEY, O.D.; SHANE LASTER, O.D.; SETH LASTER, O.D.; CREIGHTON A. SIMMONS, O.D.; WILLIAM YOOS, O.D.; JOHN C. WHITLEY; SETH HOLIFIELD; BILLY CURL; AND JOHNNY MORGAN    APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-656] |
|  | HONORABLE WENDELL GRIFFEN, JUDGE |
| V. |  |
| JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE; AND SAFE SURGERY ARKANSAS, A BALLOT QUESTION COMMITTEE    APPELLEES | APPEAL DISMISSED AS MOOT. |

**RHONDA K. WOOD, Associate Justice**

The General Assembly passed Act 579 of 2019, which permits optometrists to perform certain surgical procedures. Because the Act lacked an emergency clause, it was set to become law on July 24, 2019. On July 23, 2019, Appellee Safe Surgery Arkansas, a ballot question committee, filed a statewide referendum petition preventing the Act from

becoming law. Appellant Arkansans for Healthy Eyes, also a ballot question committee, was formed to defend Act 579. Because of the resolution of the petition for referendum in a separate case, we dismiss this appeal as moot. *See Ark. for Healthy Eyes v. Thurston*, 2020 Ark. ___.

After Safe Surgery filed the referendum petition in 2019, Secretary of State John Thurston declared it insufficient for placement on the November 2020 ballot because it failed to comply with the requirements of newly enacted Act 376. In response, Safe Surgery petitioned for writ of mandamus contending Act 376 was inapplicable. *Safe Surgery Ark. v. Thurston*, 2019 Ark. 403, at 2, 591 S.W.3d 293, 295. The issue in *Safe Surgery* was the validity of Act 376's emergency clause. We granted Safe Surgery's writ and ordered the Secretary of State to "address [Safe Surgery's] filings under the pre-Act 376 framework." *Id.* at 7, 591 S.W.3d at 297. We declined to decide the other issues Safe Surgery raised in its writ, including whether Act 376 was constitutional and the propriety of the petition's popular name and ballot title. *Id.*

After we granted Safe Surgery's writ, Healthy Eyes filed a complaint in the Pulaski County Circuit Court asking it to enjoin Thurston from counting the petition signatures because the petition did not comply with pre-Act 376 law. Safe Surgery also asked for declaratory judgment, stating that "[Act 579] of [2019] is and remains in effect, because there was no valid referendum petition concerning Act 579 submitted before that date." The circuit court dismissed the complaint for lack of subject-matter jurisdiction because "original jurisdiction for [sufficiency] challenges lies exclusively in the Supreme Court

2

pursuant to the Arkansas Constitution." The circuit court also concluded that the case was barred by res judicata. Healthy Eyes appeals the circuit court's decision, arguing that subject-matter jurisdiction was not lacking, that res judicata does not apply, and that Safe Surgery's petition is invalid because the Attorney General did not approve its ballot title and popular name.

Today, we hold in a separate original action that Safe Surgery's petition for referendum cannot be placed on the ballot due to flaws in the criminal-background affidavits. *Ark. for Healthy Eyes v. Thurston*, 2020 Ark. ___. That decision moots the issues here. Appellants sought an injunction to prevent the Secretary of State from taking further action to place the petition for referendum on the ballot. Additionally, they requested the circuit court to declare Act 579 effective. Both issues are resolved. The referendum petition will not appear on the ballot. And to the extent that this referendum petition filed by Safe Surgery impaired Act 579's effectiveness, that alleged controversy is also moot as a result of this court's striking the petition.

We will not address moot issues or issue advisory opinions even on subject-matter jurisdiction. *Gray v. Thomas-Barnes*, 2015 Ark. 426, 474 S.W.3d 876. Therefore, whether the circuit court was correct on the issues of jurisdiction and res judicata is moot because our judgment would have no practical legal effect on an existing controversy. *Id.* We therefore dismiss this appeal.

Appeal dismissed as moot.

HART, J., dissents.

3

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority misapplies the mootness doctrine in this case. As the majority notes, the circuit court dismissed this case because it lacked subject-matter jurisdiction. This was a manifestly correct decision. When a circuit court lacks jurisdiction, the appellate court likewise lacks jurisdiction. *Clark v. State*, 362 Ark. 545, 210 S.W.3d 59 (2005). Accordingly, the proper disposition of this case should be dismissal for lack of subject-matter jurisdiction.

As this court recently stated in *Arkansas Department of Finance and Administration v. Naturalis Health, LLC*, 2018 Ark. 224, 549 S.W.3d 901, subject-matter jurisdiction must be addressed before we can consider the merits of an appeal. The *Naturalis* court defined subject-matter jurisdiction as a court's authority to hear a particular type of case. *Id.* It further noted that subject-matter jurisdiction cannot be waived, can be questioned for the first time on appeal, and can be raised by this court on its own motion. *Id.* Subject-matter jurisdiction is a power based in the constitution and statute. *Id.* In Arkansas, we have said that a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Wilson v. Walther*, 2017 Ark. 270, 527 S.W.3d 709. I am mindful that, as a general rule, appellate courts of this state will not review issues that are moot. *Id.* However, we have recognized two exceptions to the mootness doctrine: matters capable of repetition yet evading review and matters of substantial public interest that are likely to be litigated in the future. *Ark. Dep't of Hum. Servs. v. Ledgerwood*, 2019 Ark.

4

100, 571 S.W.3d 1. Subject-matter jurisdiction is a power rooted in the constitution and, when appropriate, statute, and it is immutable by common law. The concept of mootness is a court-crafted doctrine based largely on prudential considerations. *See id.* As the *Ledgerwood* court stated, it is left to this court's discretion as to whether it may decide to settle an issue or not. *Id.*

In short, subject-matter jurisdiction is the most basic threshold consideration in Arkansas jurisprudence. As the *Naturalis* court observed, subject-matter jurisdiction is determined from the pleadings and not proof. *Naturalis*, *supra.* Most importantly, if a court lacks subject-matter jurisdiction, it does not have the power to consider any of the merits of the case that is before it. Conversely, application of the mootness doctrine requires not only an in-depth consideration of the merits of the case, it also, particularly in this case, requires a consideration of the broader legal milieu, including the consideration of the original action pending before and ultimately decided by this court. Furthermore, it requires a studied decision concerning whether we want to settle the issue that was raised by the circuit court decision: whether it had subject-matter jurisdiction to consider questions that have just this term been presented to this court in original-action petitions. *Miller v. Thurston*, 2020 Ark. 267, ___ S.W.3d ___.

Finally, I note that dismissing this case as moot does not trigger stare decisis. 50 C.J.S. *Judgment* § 741. The time to settle the issue of whether a circuit court has a role in deciding disputes related to initiative and referendum is now.

I dissent.

*Kutak Rock LLP*, by: *Jess Askew III, Frederick H. Davis*, and *McKenzie L. Raub*, for appellants.

*Gary L. Sullivan*, Managing Attorney, Arkansas Secretary of State's Office, for appellee.

*Steel, Wright, Gray, PLLC*, by: *Ryan Owsley, Nate Steel*, and *Alex T. Gray*, for appellee Safe Surgery Arkansas.