Cite as 2021 Ark. 208

# SUPREME COURT OF ARKANSAS

No. CV–21–201

|  |  |
|---|---|
| MAHENDRAN MAHADEVAN, D.V.M., PH.D., M.B.A. APPELLANT<br><br>V.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS SYSTEM; UNIVERSITY OF ARKANSAS FOR MEDICAL SCIENCES; ED FRYAR, PH.D.; STEVE COX; TOMMY BOYER; SHEFFIELD NELSON; C.C. "CLIFF" GIBSON; STEPHEN BROUGHTON, M.D.; KELLY EICHLER; MORRIL HARRIMAN; TED DICKEY; AND JOHN GOODSON APPELLEES | **Opinion Delivered:** November 12, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-5583]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Mahendran Mahadevan appeals the circuit court's order that denied his request for injunctive relief preventing the University of Arkansas for Medical Sciences (UAMS) from terminating his employment and dismissed his complaint. We affirm because Mahadevan has been terminated, and therefore, all the relief he sought in his complaint is moot.

Mahadevan was a tenured professor at UAMS. The Board of Trustees decided to reduce programs and services by eliminating the Reproductive Endocrinology Infertility

(REI) program where Mahadevan worked.[1] At UAMS tenured professors may be terminated in limited circumstances, including a reduction in programs. UAMS gave Mahadevan one-year notice that he would be terminated on October 14, 2020. Just before his termination, Mahadevan sued the hospital,[2] requesting an injunction to prevent the termination. The circuit court granted Mahadevan a preliminary injunction through December 31, 2020, but after the injunction expired, UAMS terminated him. Following his termination, Mahadevan sought an extension of the preliminary injunction and a permanent injunction. UAMS moved to dismiss the complaint, arguing that Mahadevan's claim was moot and that UAMS was immune from suit. The circuit court denied Mahadevan's request for injunctive relief and dismissed the case with prejudice. Mahadevan appeals.

Mahadevan argues that the circuit court erred in denying his request for a preliminary injunction and dismissing his complaint. In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Ark. Dev. Fin. Auth. v. Wiley*, 2020 Ark. 395, 611 S.W.3d 493. As a general rule, this court will not review issues that are moot. *Ark. Dep't of Human Servs. v. Ledgerwood*, 2019 Ark. 100, at 2, 571 S.W.3d 1, 2. To do so would be to render advisory

---

[1]Mahendran Mahadevan is not a medical physician, but he holds a bachelor's degree in veterinary science, a doctorate in philosophy, and a master's degree in business administration.

[2]Named defendants included: Board of Trustees of the University of Arkansas System; University of Arkansas for Medical Sciences; Ed Fryer, Ph.D.; Steve Cox; Tommy Boyer; Sheffield Nelson; C.C. "Cliff" Gibson; Stephen Broughton, M.D.; Kelly Eichler; Morril Harriman; Ted Dickey; and John Goodson.

opinions, which this court will not do. *Id.* A case is moot when any judgment rendered would have no practical effect on a then-existing legal controversy. *Id.*

We affirm the circuit court's denial of Mahadevan's request for injunctive relief because his claims are moot. In his complaint, Mahadevan asked the court to grant a temporary restraining order, a preliminary injunction, and a permanent injunction "prohibiting UAMS from terminating [his] employment."[3] His complaint conceded that he was not entitled to money damages against UAMS under Arkansas's sovereign-immunity doctrine. Thus, Mahadevan sought only prospective equitable relief preventing his termination. But this preliminary or permanent injunctive relief was no longer available once the hospital terminated him. Consequently, the dismissal was appropriate as the remedy Mahadevan sought was unavailable.

Additionally, the two exceptions to mootness—matters capable of repetition yet evading review and matters of substantial public interest that are likely to be litigated in the future—are not applicable here. *Ledgerwood*, 2019 Ark. 100, at 3–4, 571 S.W.3d at 2. Therefore, we affirm the circuit court's dismissal of Mahadevan's complaint.

Affirmed.

WOMACK and WEBB, JJ., concur.

---

[3]Mahadevan's complaint also demanded declaratory judgment "declaring [his] rights and legal relations with the Board as it concerns the policies." The hospital argued below that all Mahadevan's claims were barred by sovereign immunity. Because Mahadevan failed to argue below or on appeal that his declaratory relief surmounted sovereign immunity, he has abandoned this claim. *See BHC Pinnacle Pointe Hosp., LLC v. Nelson*, 2020 Ark. 70, at 13, 594 S.W.3d 62, 71.

**SHAWN A. WOMACK, Justice, concurring.** I agree with the majority's conclusion that the circuit court properly dismissed Mahadevan's lawsuit. However, I disagree with the majority's reliance on mootness as the basis for dismissal. As state actors, Appellees are afforded the protections found in article 5, section 20 of our state's constitution. Accordingly, I would dismiss on the basis of sovereign immunity.

*Baker Schulze & Murphy*, by: *J.G. "Gerry" Schulze*, for appellant.

*Sherri L. Robinson*, Senior Associate General Counsel, University of Arkansas for Medical Services, for appellee.