Cite as 2024 Ark. App. 289

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-23-622

| | |
|---|---|
| KEVIN CHERI | Opinion Delivered May 1, 2024 |
| APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05DR-20-376] |
| V. | |
| LAURA CHERI | HONORABLE JOHNNIE A. COPELAND, JUDGE |
| APPELLEE | DISMISSED |

**RITA W. GRUBER, Judge**

Today, we hand down two separate opinions: *Cheri v. Cheri*, 2024 Ark. App. 288 (*Cheri I*) and this case *Cheri v. Cheri*, 2024 Ark. App. 289 (*Cheri II*).[1] Each case stems from the Boone County Circuit Court's distribution of the parties' personal property within their divorce proceeding. Because the facts, issues on direct appeal, and arguments presented here are identical to those presented in *Cheri I*, we find it unnecessary to restate them and set forth only those facts necessary to dispose of this case.

*Cheri I* stems from the appeal of the parties' February 11, 2022 divorce decree (decree),[2] the February 11 "order regarding civil service retirement system benefits" (annuity

---

[1]There is a third appeal filed with this court involving these parties, case No. CV-23-772. However, that case has not yet been submitted.

[2]We are mindful that on March 2, the circuit court entered a decree of divorce nunc pro tunc to correct a clerical error. Because the nunc pro tunc decree neither substantively

order), and the deemed denial of appellee's motion for reconsideration (denial of reconsideration motion) as well as the cross-appeal of the denial of the reconsideration motion. This case stems from paragraph 10 of the decree, which divides appellant's federal thrift savings plan (TSP) equally between the parties. However, that paragraph also states that the court "will issue a separate Order dividing the TSP account to satisfy the requirements found in 5 USC §§ 845(c) and 8467, and 5 CFR part 1653, subpart A" (the TSP order). For reasons irrelevant to either the analysis in *Cheri I* or here, the TSP order was not entered until June 20, 2023.

In theory, both parties believed that the decree, the annuity order, and the denial of the reconsideration motion were final, appealable orders—as reflected in motions filed in both *Cheri I* and this case.[3] However, appellant filed a "third amended notice of appeal" with this court on July 20, 2023, to incorporate the TSP order into his appeal. But that notice of appeal was filed after the *Cheri I* record had been lodged, after *Cheri I* was remanded, after the *Cheri I* record was relodged, and after the parties had submitted their *Cheri I* briefs. Thus, *Cheri II* was born. The record reflects that appellee did not pursue her cross-appeal in *Cheri*

---

amended the February 11 decree nor was an exercise of the circuit court's judicial discretion, the February 11 decree constituted a final, appealable order. *See, e.g., Francis v. Protective Life Ins. Co.*, 371 Ark. 285, 292–94, 265 S.W.3d 117, 122–23 (2007).

[3]Appellant moved to consolidate the record in this case with the record in *Cheri I*, which we granted on November 18, 2023. Thus, the filings made within *Cheri I* are part of the record in this case.

*II* due to her—correct—belief that the at-issue orders in *Cheri I* were final, appealable orders, and this court could and would address the substantive merits of her cross-appeal therein.

An appeal may be taken from a final judgment or decree that is entered by a circuit court. Ark. R. App. P.–Civ. 2(a)(1). Matters that are collateral, supplemental, or ministerial in nature to the circuit court's judgment are left within the circuit court's jurisdiction even though an appeal has been docketed and do not affect the finality of the original, final order. *See Worsham v. Day*, 2019 Ark. 160, at 5, 574 S.W.3d 150, 154 (finding attorney's fees to be collateral in nature); *see also Dep't of Fin. & Admin. v. Staton*, 325 Ark. 341, 942 S.W.2d 804 (1996) (stating that collateral and ministerial orders need not be final for purposes of . . . Arkansas Rule of Appellate Procedure–Civil 2).

The TSP order took the same information contained within the decree regarding the TSP distribution and arranged it into a different format: it did not alter the distribution of the TSP as set forth in the decree or impact the rights of the parties. The TSP order is ministerial in nature, entered pursuant to the decree, in conformity with the decree, and in execution of the decree. Thus, as set forth in *Cheri I*, the decree, the annuity order, and the denial of the motion for reconsideration were all final, appealable orders that each party timely and properly appealed. Because this court's jurisdiction was invoked, we addressed the merits of appellant's five points on direct appeal and appellee's point on cross-appeal in *Cheri I*.

Because all five points on appeal raised by appellant in this case are identical to those raised in *Cheri I* and are addressed by the opinion we hand down today in that case, this

3

appeal is moot. While neither party raises the issue of mootness, it is a jurisdictional issue that we raise on our own motion. *Black's Law Dictionary* 1027 (8th ed. 2004) defines "moot" as "[h]aving no practical significance." A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. Generally, the appellate courts of this state will not review issues that are moot. *Gee v. Harris*, 94 Ark. App. 32, 33, 223 S.W.3d 88, 88 (2006). Subject to two exceptions not applicable here, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.*, 223 S.W.3d at 89. We hold that no judgment rendered in this case would have any practical legal effect, given our disposition of the very same issues in *Cheri I*. Accordingly, we dismiss this case.

Dismissed.

GLADWIN and KLAPPENBACH, JJ., agree.

*Jeremy B. Lowrey*, for appellant/cross-appellee.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellee/cross-appellant.