Cite as 2024 Ark. App. 615

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-23-772

| | |
|---|---|
| KEVIN CHERI<br><br>APPELLANT<br><br>V.<br><br><br>LAURA CHERI<br><br>APPELLEE | Opinion Delivered December 11, 2024<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05DR-20-376]<br><br><br>HONORABLE JOHNNIE A. COPELAND, JUDGE<br><br>DISMISSED |

**CINDY GRACE THYER, Judge**

This is the third appeal involving appellant Kevin Cheri and appellee Laura Cheri. *See Cheri v. Cheri*, 2024 Ark. App. 288 (*Cheri I*); *Cheri v. Cheri*, 2024 Ark. App. 289 (*Cheri II*). Because both parties agree that the present appeal is moot in light of this court's opinion in *Cheri I*, we dismiss the appeal.

A recitation of the timeline in these three appeals is helpful to understanding our disposition of this case. Kevin and Laura were divorced by a decree entered by the Boone County Circuit Court on February 11, 2022. That decree divided the bulk of the parties' marital property, including retirement benefits and insurance proceeds. In paragraph 10 of the initial divorce decree, the court stated that it would issue a subsequent order dividing Kevin's federal Thrift Savings Plan (TSP) "to satisfy the requirements found in 5 USC §§ 845(c) and 8467, and 5 CFR part 1663, subpart A." (As discussed below, the order regarding

the TSP was not entered until several months later.) In another order entered the same day ("the annuity order"), the court determined that Laura was entitled to a portion of Kevin's retirement annuity. On February 22, Laura moved for reconsideration from both the divorce decree and the annuity order, and Kevin filed a notice of appeal from both orders.

On March 2, the circuit court entered a decree of divorce nunc pro tunc to correct a clerical error. Laura filed a notice of cross-appeal on March 8, designating the March 2 nunc pro tunc order, the February 11 divorce decree, and the February 11 annuity order. Kevin filed amended and second amended notices of appeal from those three orders as well as from the deemed denial of Laura's motion for reconsideration on March 28 and March 29. Laura filed an amended notice of cross-appeal on April 12 to incorporate the deemed denial of her motion for reconsideration.

The record on appeal was lodged in what would become *Cheri I* on May 20, 2022. Kevin filed his brief on July 27. On September 14, this court entered an order of limited remand to settle the record on appeal in order to assure that the record was compiled in accordance with Administrative Order No. 19's requirements regarding confidentiality. *Cheri v. Cheri*, 2022 Ark. App. 335, 651 S.W.3d 734. The circuit court then entered an agreed order on October 5, 2022, settling the record, and Laura filed her brief on December 8; Kevin's reply brief followed on February 14, 2023. Before the appeal was submitted to this court for decision, however, Laura filed a motion for contempt in circuit court on February 24, 2023, alleging that Kevin had willfully violated the court's divorce decree in multiple respects. She filed a second motion for contempt on April 25.

2

The circuit court eventually entered its order regarding Kevin's TSP ("the TSP order") on June 20, 2023. Kevin filed a third amended notice of appeal to incorporate the TSP order on July 20, 2023. (This third amended notice of appeal gave rise to *Cheri II*.)

By agreed order entered on August 28, 2023, Kevin and Laura reached a resolution of all matters presented in the February 24 motion for contempt. That order further noted that Kevin had reserved his right to appeal "this order or any other decree, judgment, or orders entered herein." Kevin filed a fourth amended notice of appeal on September 27, 2023, incorporating the original decree of divorce, the annuity order, the nunc pro tunc decree, the deemed denial of Laura's motion for reconsideration, the June 20 TSP order, and the agreed order regarding contempt.

On May 1, 2024, this court decided *Cheri I*, determined that the February 11 decree was a final and appealable order, and affirmed the circuit court's orders on all five points on appeal raised by Kevin. *Cheri I*, 2024 Ark. App. 288, at 1. We also affirmed on the issues raised by Laura on cross-appeal. *Id.*

On the same day, this court decided *Cheri II*, which, as noted above, arose following Kevin's third amended notice of appeal following the issuance of the TSP order.[1] As explained in *Cheri II*, "that notice of appeal was filed after the *Cheri I* record had been lodged,

---

[1]In his statement of the case in the instant appeal, Kevin explains that the parties pursued *Cheri II* in the event that this court determined the orders in *Cheri I* were not final and appealable because of the outstanding order regarding the TSP. *Cheri I*, however, held that the February 11 divorce decree and the annuity order were final, appealable orders. *Cheri I*, 2024 Ark. App. 288, at 4.

after *Cheri I* was remanded, after the *Cheri I* record was relodged, and after the parties had submitted their *Cheri I* briefs." *Cheri II*, 2024 Ark. App. 289, at 2. Because the issues raised in *Cheri II* were the same as those presented in *Cheri I*, this court dismissed the appeal in *Cheri II* as moot. *Id*. at 4.

The instant case stems from Kevin's fourth amended notice of appeal following the circuit court's agreed order of August 28, 2023. In his brief, Kevin states that he "chose to proceed with this appeal pending resolution of the finality issue and in order to assure that [his] reservation of rights [addressed in the August 28 agreed order] was appropriately before the court." Thus, it appears that he pursued this appeal in the event this court reversed in *Cheri I*. We did not reverse in that case, however, and both parties now agree that the issues that would otherwise have been raised in this appeal were fully and finally addressed in *Cheri I*. As such, both parties concede that this appeal has been rendered moot by *Cheri I*. As explained in *Cheri II*,

> Because all five points on appeal raised by appellant in this case are identical to those raised in *Cheri I* and are addressed by the opinion we hand down today in that case, this appeal is moot. . . . A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. Generally, the appellate courts of this state will not review issues that are moot. *Gee v. Harris*, 94 Ark. App. 32, 33, 223 S.W.3d 88, 88 (2006). Subject to two exceptions not applicable here, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*., 223 S.W.3d at 89. We hold that no judgment rendered in this case would have any practical legal effect, given our disposition of the very same issues in *Cheri I*. Accordingly, we dismiss this case.

*Cheri II*, 2024 Ark. App. 289, at 3–4.

4

For the same reasons--and for the additional reason that neither party presents any argument for reversal--we dismiss the instant appeal.

Appeal dismissed.

GLADWIN and HIXSON, JJ., agree.

*Jeremy B. Lowrey*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellee.