Cite as 2025 Ark. App. 488

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-802

| | |
|---|---|
| LA'TONA MCDONNELL<br><br>APPELLANT<br><br>V.<br><br>ESTATE OF HERVIE WAYNE CHANCE, SR., DECEASED<br><br>APPELLEE | Opinion Delivered October 22, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION<br>[NO. 60PR-22-565]<br><br>HONORABLE AMY DUNN JOHNSON, JUDGE<br><br>DISMISSED AS MOOT |

**ROBERT J. GLADWIN, Judge**

This is an appeal from a series of orders in a Pulaski County probate case. Appellant La'Tona McDonnell filed a claim against appellee estate of Hervie Wayne Chance, Sr. ("Estate"), alleging an interest in certain real and personal property belonging to Hervie Wayne Chance, Sr. ("Chance, Sr."), at the time of his death. The circuit court denied and dismissed McDonnell's claim with prejudice because she was not a party to the case and, therefore, could not assert any interest in Chance, Sr.'s property. For reversal, McDonnell argues that the circuit court (1) lacked subject-matter jurisdiction over the dispute, (2) erred in striking her first amended affidavit and statement of claim, and (3) abused its discretion in barring an out-of-court statement by the decedent. We dismiss the appeal because it is moot.

I. *Background Facts*

Chance, Sr., a North Little Rock resident, died testate in February 2022. He left a "Last Will and Testament" dated December 26, 1994, in which he nominated his son, Hervie Wayne Chance, Jr. ("Chance"), as executor of his will. On March 18, 2022, Chance filed a petition to admit the will to probate and to be appointed executor of his father's estate. On March 29, the circuit court granted the petition and appointed Chance as executor. A notice of the will probate was published in the Daily Record, a Pulaski County newspaper of general circulation, on April 5 and 12. On August 23, Chance petitioned the circuit court for permission to sell real estate owned by his father located at 3509 Royal Oak in North Little Rock for the gross sales price of $239,900. The circuit court entered an order authorizing the sale on August 26. Chance reported the sale to the circuit court just before 10:00 a.m. on August 30.

At about 4:00 p.m. that same day, McDonnell filed a "Request for Notice of Hearings and Pleadings" in the case. In her request, she asserted that she had an interest in real property located at 6973 White Oak Way (hereinafter, the "disputed property") in Sherwood. She claimed that Chance, Sr. had conveyed the disputed property to her "by way of an instrument that he executed on or about February 13, 2020[.]" She attached that document as an exhibit to her request.[1] On September 23, 2022, Chance filed a petition with the court to sell the disputed property for a gross sales price of $199,900. Chance informed the court in that petition that McDonnell "claims an interest in the property by virtue of Instrument No. 2022017200

---

[1]That document, titled by McDonnell as "Conveyance of Interest in Real Property," appears to have been notarized on February 13, 2020, but it was not filed and recorded with the circuit/county clerk until March 10, 2022.

recorded 03/10/2022[.]" On September 28, 2022, the circuit court authorized the sale of the disputed property for the gross sales price of $199,900. On October 10, McDonnell filed a "Statement of Claim" against the Estate claiming (1) "all equity, interest, right, and claim" that Chance, Sr. had in the disputed property, (2) reimbursement for payments she allegedly made on the home loan, property taxes, and insurance for the disputed property from July 2019 to the present, and (3) ownership of a black 2010 BMW vehicle. She claimed that she had resided at the disputed property from July 15, 2019, until July 5, 2022, and that Chance, Sr. had conveyed his interest in that property to her while he was alive. She claimed that Chance, Sr. had also gifted her the BMW and that she had driven that vehicle daily for about two years. McDonnell stated that, at the executor's request, she had parked the BMW in the garage of the house on the disputed property on July 5, 2022. She estimated that the BMW was worth $6,000, and she sought compensation in that amount.[2]

On June 29, 2023, the circuit court entered a scheduling order setting a trial for August 9 and requesting that witness and exhibit lists be exchanged by August 2 and that pretrial memoranda be filed by August 4. On July 31, Chance filed a report of sale, informing the court that pursuant to its September 2022 order, he had sold the disputed property on November 19, 2022, for the gross sales price of $199,900. The parties filed witness lists on August 2 and pretrial memoranda on August 4, as requested. On August 5, McDonnell filed a "First Amended

---

[2]Also on October 10, McDonnell's attorney informed the circuit court that she had attempted to file her affidavit of claim on September 27. However, an apparent issue with the court's electronic filing system had prevented the completion of the filing. Counsel averred that she did electronically serve Chance's counsel with the affidavit of claim on September 27 even though it was not properly filed with the court at that time.

Affidavit and Statement of Claim," seeking to add the imposition of a constructive trust to the relief she sought. Also on August 5, the circuit court entered an order approving Chance's report of sale of the disputed property.

Chance moved to strike McDonnell's first amended affidavit and statement of claim on August 8. At a hearing the next day, the circuit court struck the amended claim, stating that "[a]nything that was not stated timely within the claim period cannot be considered." The circuit court also addressed Chance's motion to dismiss McDonnell's claim in which he asserted that the circuit court lacked subject-matter jurisdiction to consider McDonnell's claim (because she was a stranger to the Estate) in that probate case. At that hearing, McDonnell disagreed that she was a stranger to the Estate and argued that the circuit court had subject-matter jurisdiction to decide her claim. The circuit court stated that it was "inclined to grant the Motion to Dismiss just as a matter of law" but took the motion under consideration and proceeded with the hearing. The circuit court then heard testimony from McDonnell and a witness, Connie Lang, after which Chance moved for a directed verdict on McDonnell's claim. The circuit court granted the directed-verdict motion in its bench ruling:

> [A]ssuming that everything is true, under the law the claimant is not entitled to relief. Her claim as it was originally filed for an interest in real estate with the alternative of receiving the proceeds from that real estate and for interest in a vehicle that she indicates and has testified was a gift. However; these are not claims within the meaning of the statute, which defines those to be liabilities of the decedent which survive whether rising in contract or tort or otherwise. And none of the testimony and none of the evidence indicates there was any liability on Mr. Chance, Sr.'s part to the claimant in this case. It was not an existing liability at that time. So on that basis, the Court is going to grant the motion for a directed verdict. I think even if the Court were to allow the testimony to go forward and do the full case, I mean the standard for determining whether or not there has been an inter vivos or a gift during the life of the decedent, the standard is clear and convincing evidence. And the evidence that I have heard today indicates quite clearly that Mr. Chance, Sr. had intended that possession of the vehicle and possession of the

4

home be vested in Ms. McDonnell but he retained an ownership interest when he could have signed a title of the vehicle over to her, or when she was present at the closing, could have had the deed issued in her name. And so even if we were to get to the merits of the underlying case, I don't think the testimony supports that there was an effective deed or that there was inter vivos gift established by clear and convincing evidence.

On August 18, Chance filed a petition for authority to make final distribution of estate assets. He sought an order authorizing him to make final distribution of all remaining assets in the Estate, discharging him as executor, and closing the Estate.

Meanwhile, on August 17—before the circuit court entered its order memorializing its bench ruling from the August 9 hearing—McDonnell submitted a proposed order of dismissal without prejudice, which Chance opposed. McDonnell then filed an objection to executor of estate's proposed order and letter to court, arguing that she was a third party seeking title to real and personal property and that the circuit court (sitting in probate) lacked jurisdiction to adjudicate her claim.

The circuit court memorialized its August 9 bench ruling in an August 23 order. It found that McDonnell was not a party to the case and, as such, could not assert any interest in Chance, Sr.'s property. It further found that, to the extent McDonnell was attempting to assert a claim under Arkansas Code Annotated sections 28-50-101 et seq. (Repl. 2012), her alleged claim did not meet the definition of a "claim." Thus, it denied and dismissed her claim with prejudice. On August 25, the circuit court entered an order authorizing final distribution of assets. Later that day, McDonnell filed an objection to petition for authorization to make final distribution of estate assets seeking exclusion of the net proceeds from the sale of the disputed property from the final distribution. At that point, the court had already entered an order granting Chance's petition for authority to make final distribution. Chance filed his report of final distribution on

August 28. The same day, the circuit court entered an order approving the report of final distribution, releasing and discharging the executor, and closing the administration of the Estate. McDonnell filed her notice of appeal and designation of the record on September 15, 2023, purporting to appeal from the circuit court's August 23, 25, and 28 orders. This appeal followed.

II. *Discussion*

McDonnell argues three general points for reversal: (1) the circuit court's order should be reversed because it lacked subject-matter jurisdiction to adjudicate a dispute between the executor and a stranger to the Estate; (2) the circuit court erred in striking her first amended affidavit and statement of claim; and (3) the circuit court erred in barring out-of-court statements by the decedent. In response, Chance argues that the appeal should be dismissed as moot and that, in any event, McDonnell's arguments are meritless.

Our supreme court has held that mootness is a threshold issue that precedes even the issue of subject-matter jurisdiction. *Arkansans for Healthy Eyes v. Thurston*, 2020 Ark. 275, at 3 ("We will not address moot issues or issue advisory opinions even on subject-matter jurisdiction." (citing *Gray v. Thomas-Barnes*, 2015 Ark. 426, 474 S.W.3d 876)). Thus, we address this threshold issue first.

*Black's Law Dictionary* (12th ed. 2024) defines "moot" as "[h]aving no practical significance." A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. As a general rule, the appellate courts of this state will not review issues that are moot. *Gee v. Harris*, 94 Ark. App. 32, 33, 223 S.W.3d 88, 88

6

(2006). To do so would be to render advisory opinions, which we will not do. *Id.* at 33, 223 S.W.3d at 89. Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.*

Chance argues that the appeal is moot because any decision by this court against the Estate would have no practical legal effect. He points out that the Estate (against which McDonnell brought her claim) has been closed since August 28, 2023. Chance asserts that McDonnell failed to obtain any stay in the circuit court pursuant to Arkansas Rule of Civil Procedure 62(d) or a stay from this court pursuant to Arkansas Rule of Appellate Procedure–Civil 8 after the appeal was lodged. He further argues that McDonnell did not petition to reopen the Estate pursuant to Arkansas Code Annotated section 28-53-119(a)(1) (Repl. 2012) and that any effort at this point to reopen the Estate is barred by Arkansas Rule of Civil Procedure 60.

Arkansas Rule of Civil Procedure 62(d) provides that "[w]hen an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay [.]" Arkansas Rule of Appellate Procedure–Civil 8(c)(1) provides as follows:

> Whenever an appellant entitled thereto desires a stay on appeal, he shall present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree or order of the circuit court.

Chance is correct that McDonnell filed her notice of appeal on September 15 from the circuit court's August 23, 25, and 28 orders but that she failed to obtain a stay of the orders under either above-mentioned rule.

7

McDonnell claims that she attempted to stop the final distribution by filing—approximately thirty minutes after the circuit court entered its August 25 order authorizing final distribution—an "Objection to Petition for Authorization to Make Final Distribution of Estate Assets." There, she expressed her intent to appeal the court's adverse ruling as to the property located at 6973 White Oak Way and that the distribution of the net proceeds from the property sale "may result in the unavailability of the funds should she prevail on appeal and/or she ultimately prevail in a civil cause of action." Thus, she sought to exclude the proceeds of that sale from the distribution of Estate assets. Three days later, the circuit court closed the administration of the Estate. To the extent McDonnell argues that her August 25 objection was a request for stay, she failed to obtain a ruling, and it was deemed denied. *See Jewell v. Fletcher*, 2010 Ark. 195, at 20, 377 S.W.3d 176, 189.[3]

Chance further asserts that McDonnell did not petition to reopen the Estate pursuant to Arkansas Code Annotated section 28-53-119(a)(1) and that any effort at this point to reopen the Estate is barred by Arkansas Rule of Civil Procedure 60. Section 28-53-119 states,

> (a)(1) If, after an estate has been settled and the personal representative discharged, other property of the estate is discovered, or if it appears that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the court, upon the petition of any person interested in the estate and without notice or upon such notice as it may direct, may order that the estate be reopened.

[3]We also acknowledge that Arkansas Code Annotated section 28-1-116(e)(1) (Repl. 2012) addresses appellate matters in probate proceedings and states that "[a]n appeal shall stay other proceedings in the circuit court except when and to the extent that the court finds that no interested person will be prejudiced and by order permits other proceedings to be had." Although this provision might trigger an automatic stay of further circuit court proceedings if an earlier order had been appealed, we conclude that the statute does not provide for an automatic stay here, where the notice of appeal was filed weeks after the order approving final distribution. At that point, the Estate was closed, and there were no "other proceedings" in the circuit court to which a stay would attach.

(2) It may reappoint the personal representative or appoint another personal representative to administer such property or perform such act as may be deemed necessary.

(b) Unless the court shall otherwise order, the provisions of the Probate Code as to an original administration shall apply to the proceedings had in the reopened administration so far as may be appropriate. However, no claim which is already barred can be asserted in the reopened administration.

Additionally, "[t]o correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." Ark. R. Civ. P. 60(a).

Our supreme court has held that Rule 60 applies to a petition to reopen a closed probate estate under section 28-53-119(a). *See Bullock v. Barnes*, 366 Ark. 444, 449, 236 S.W.3d 498, 502 (2006). Thus, under *Bullock* and Rule 60(a), a person interested in the case would have had ninety days from the date of the August 28, 2023 final distribution order to move to modify or vacate the judgment. That did not happen.[4] In any event, it does not appear that it was possible for McDonnell to successfully petition to reopen the Estate because her claim against it had been rejected, and "no claim which is already barred can be asserted in the reopened administration." Ark. Code Ann. § 28-53-119(b).

---

[4]Rule 60(c)(4) allows a circuit court to vacate or modify a judgment after ninety days in the case of "misrepresentation or fraud . . . by an adverse party." The party seeking to set a judgment aside for fraud has the burden of proving fraud by clear, cogent, and convincing evidence or, as our courts have sometimes said, clear, strong, and satisfactory proof. *Bullock*, 366 Ark. at 450, 236 S.W.3d at 502–03. In this case, there has been no express assertion of fraud, and no evidence of fraud is apparent from the record.

Here, we agree with Chance that the current appeal is moot. The circuit court denied and dismissed McDonnell's claim in its August 23, 2023 order, finding that she was not a party to the case and, therefore, could not assert any interest in the decedent's property and, further, that her claim did not meet the statutory definition of a "claim" under Arkansas law. The circuit court subsequently discharged the Estate's personal representative and approved final distribution of assets. Thus, the Estate has long been closed. No stay was entered, nor could McDonnell petition to reopen the Estate with the claim currently on appeal. Thus, we hold that there remains no existing legal controversy between McDonnell and the Estate—the entity against which her claim was asserted. Because any judgment rendered would have no practical legal effect upon an existing legal controversy, we dismiss McDonnell's appeal as moot.[5]

III. *Conclusion*

Dismissed as moot.

BARRETT and BROWN, JJ., agree.

*Nelms Crawford Law Firm, P.L.L.C.*, by: *Marie A. Crawford*, for appellant.

*William L. Owen, P.A.*, by: *William L. Owen*, for appellee.

---

[5]Although Arkansas courts have recognized two exceptions to the mootness doctrine—issues that are capable of repetition yet evade review and issues that raise considerations of substantial public interest that, if addressed, would prevent future litigation—neither exception is applicable here.